ROIG COMMERCIAL BANK, demandante y apelada, *v.* MIGUEL A. BUSTELO, ET AL., demandados y apelantes.

No. 6277.—*Sometido:* Febrero 13, 1933. *Resuelto:* Febrero 16, 1933.

*Arturo Aponte,* abogado de los apelantes; *González Fagundo & González Jr.,* abogados del apelado.

El Juez Presidente Señor del Toro, emitió la opinión del tribunal.

Se trata de la desestimación de un recurso, por no ser apelable la resolución recurrida.

En la Corte de Distrito de Humacao se siguió un procedimiento ejecutivo hipotecario por el Roig Commercial Bank contra Miguel A. Bustelo y su esposa. La finca hipotecada se adjudicó finalmente al acreedor, otorgándose al efecto escritura pública que se inscribió en el registro.

Así las cosas, pidió el acreedor que se le pusiera en posesión judicial de la finca que se le adjudicara y la corte dictó la orden correspondiente. Artículo 174 del Reglamento para la Ejecución de la Ley Hipotecaria.

Fué entonces que Miguel Bustelo y su esposa comparecieron pidiendo que la orden se dejara sin efecto, por moción que comienza así:

"Los demandados en esta acción hacen una comparecencia especial a los solos efectos de esta moción y sin que se entienda por ello que se han sometido a la jurisdicción de la Corte, y respetuosamente exponen y alegan:"

Lo expuesto y alegado fué, en resumen, que la adjudicación se obtuvo a virtud de "una relación falsa de los hechos hecha en la demanda" y que después de la misma el adjudicatario arrendó el inmueble a los comparecientes y luego lo vendió a Jesús Amaral, no teniendo, por tanto, interés al solicitar que se le pusiera en posesión.

La corte resolvió la cuestión suscitada, como sigue:

"Oídas las partes sobre la moción radicada por los demandados en este procedimiento, la Corte entiende que es correcta la contención de la parte ejecutante en el sentido de que, acceder a lo solicitado por los mocionantes, tendería a interrumpir el procedimiento, no terminado virtualmente hasta la entrega material de la finca adjudicada. Asimismo entiende la Corte, tal cual ha sido planteado por los ejecutantes, que las cuestiones levantadas por los ejecutados en

su moción, en nada afectan la situación de ambas partes, en cuanto a los autos de este procedimiento. Por ello se declara sin lugar dicha moción . . ."

Y contra esa resolución fué que recurrieron para ante este tribunal los esposos Bustelo, habiendo pedido el ejecutante que la apelación sea desestimada. Tanto el ejecutante como los esposos Bustelo fueron oídos por medio de sus abogados en corte abierta sobre el particular.

Dejando a un lado la forma de la comparecencia de los esposos Bustelo, diremos que el procedimiento seguido en la Corte de Distrito de Humacao fué el sumario que autoriza y regula la Ley Hipotecaria. Ni contra la orden de requerimiento, ni contra la de venta en pública subasta otorga la ley apelación. Tampoco contra la orden de posesión. Dentro de la Ley Hipotecaria misma no puede encontrarse precepto alguno que autorice el recurso.

Contienden los esposos Bustelo que se trata de una orden especial dictada después de sentencia definitiva, apelable de acuerdo con el artículo 295, párrafo 3 del Código de Enjuiciamiento Civil. Si se tratara de un pleito ordinario, quizá tendrían razón, pero no estamos convencidos de que la tengan tratándose como se trata de un procedimiento sumario hipotecario. Resolver lo contrario sería desnaturalizar dicho procedimiento.

*La moción debe ser declarada con lugar y desestimado el recurso.*