Miguel Gratacós Bosch, peticionario, *v.* La Corte de Distrito de Guayama, Hon. Gabriel Castejón, Juez, demandada.

No. 929.—*Sometido:* Diciembre 18, 1933. *Resuelto:* Febrero 8, 1934.

*M. Guzmán Texidor,* abogado del peticionario; *R. Martínez Nadal,* y *F. Navarro Ortiz,* abogados de la parte demandante en el pleito principal.

El Juez Asociado Señor Córdova Dávila, emitió la opinión del tribunal.

Pedro Ferrer León, acreedor hipotecario de Miguel Gratacós Bosch y su esposa, demandó sumariamente el cobro de su crédito y obtuvo por adjudicación el inmueble hipotecado en 30 de diciembre de 1930. El peticionario en el procedimiento ejecutivo, Sr. Ferrer León, dejó transcurrir el período de treinta días que a contar desde la fecha de la venta fija la ley para obtener posesión del inmueble ejecutado, sin reclamar judicialmente dicha posesión, y en septiembre de 1933,

o sea dos años nueve meses después de haber adquirido el referido inmueble en pública subasta, solicitó de la Corte de Distrito de Guayama la expedición de una orden para que se le pusiese en posesión de la propiedad que le había sido adjudicada. Enterado de esta orden el demandado en el procedimiento ejecutivo, Miguel Gratacós Bosch, solicitó ser oído en oposición a la petición del acreedor hipotecario, alegando que Ferrer tomó posesión de la finca y la arrendó primero a Gregorio Aponte y luego a Juan José Cebollero, quien subarrendó parte de la misma al demandado. La corte inferior declaró sin lugar la moción del demandado, por entender que la misma envuelve cuestiones y derechos sobre posesión que no pueden discutirse ni resolverse en un procedimiento sumario hipotecario, ya que ello equivaldría a suspender, paralizar e interrumpir dicho procedimiento, dentro del cual no pueden discutirse otras cuestiones que las expresamente autorizadas por la ley a tenor de lo dispuesto en el artículo 175 del reglamento de la Ley Hipotecaria.

El artículo 2 de la ley relativa a las sentencias y manera de satisfacerlas dice así:

"Siempre que en pleito sobre ejecución de hipoteca se expida por cualquier tribunal que tenga jurisdicción en el asunto, una orden para ejecutar dicha hipoteca sobre una propiedad inmueble, dicha orden tendrá toda la fuerza y efecto de un auto ordenando la posesión, tanto entre las partes interesadas en dicho juicio, como entre éstas y cualesquiera otras personas que reclamasen en dicho juicio en virtud de cualquier derecho adquirido durante el mismo, y el tribunal así lo dispondrá en el fallo, expidiendo una orden para que el márshal o cualquier otro funcionario que ejecutase la orden de venta, proceda en virtud de dicha orden a poner al comprador en posesión de la propiedad vendida dentro del plazo de 30 días contados desde el de la venta."

Interpretando el artículo que antecede, esta corte ha declarado, en el caso de *Viejo & Rodríguez* v. *Caloca*, 35 D.P.R. 469, que un adquirente de inmuebles ejecutados que deja transcurrir los treinta días fijados por la ley sin pedir que el márshal le ponga en posesión de dichos bienes, puede solici-

tar de la corte la expedición de una orden para que se cumpla el mandamiento, y ésta tiene facultad para hacer cumplir dicha orden aun después de vencido el término.

Toda vez que la corte inferior no dió acceso a la moción del peticionario, por entender que su discusión equivaldría a suspender el procedimiento sumario, se hace necesario precisar cuándo termina el carácter sumarísimo de dicho procedimiento.

Hoy por hoy, nadie duda de la vigencia del procedimiento especial para el cobro de créditos garantidos con hipoteca. Si surge alguna duda es con respecto a su extensión y duración. La brevedad y la sencillez son cualidades características del ejecutivo hipotecario que se simplifica y facilita, limitando al demandado a ciertas y determinadas defensas y asegurando sumariamente la efectividad de la obligación contraída. La rapidez y seguridad del procedimiento inspiran confianza, fortalecen el crédito territorial y estimulan la contratación que descansa en la garantía que ofrece la propiedad inmueble. El carácter sumario del ejecutivo hipotecario constituye un privilegio que se concede al que presta su dinero para hacer efectivo el cobro del mismo. En el ejercicio de este privilegio, el acreedor debe ajustarse estrictamente a los preceptos de la ley, sin ir más allá de lo que la misma dispone. Aun en los casos ordinarios se fija un plazo de cinco años para la ejecución de una sentencia. Una vez transcurrido este período, el cumplimiento de la misma puede ser negado o concedido dentro de las facultades discrecionales del tribunal. En el procedimiento ejecutivo se conceden treinta días al adquirente del inmueble hipotecado para obtener la posesión, sin ulterior intervención de la corte. Parece razonable asumir que el legislador, teniendo en cuenta el carácter especial y sumarísimo de dicho procedimiento y las restricciones impuestas al deudor, quiso fijar un término al carácter sumario del procedimiento mencionado, que termina con la posesión dentro de los treinta días, sin perjuicio de que la corte pueda ordenar dicha posesión, después de ex-

pirados esos treinta días, en el ejercicio de sus facultades discrecionales.

En un caso como el presente, en que se afirma que el **acreedor** hipotecario tomó posesión de la finca a raíz de haberla adquirido, y en que el peticionario Sr. Gratacós alega que han cambiado las relaciones jurídicas que existieron entre ambas partes y que está poseyendo hoy, no como antiguo dueño y deudor hipotecario, sino como subarrendatario de dicha finca, parece natural que se oiga a la parte que formula estas alegaciones para ver si se ajustan o no a la realidad de los hechos. El Sr. Ferrer León no puede sostener con éxito favorable que oyendo al Sr. Gratacós se interrumpe un procedimiento sumario que ha perdido este carácter con el transcurso del tiempo, ya que han pasado cerca de tres años desde que el inmueble fué adquirido por adjudicación. Sería un contrasentido sostener, después de transcurrido tanto tiempo, que ese procedimiento ha conservado su carácter sumarísimo. La realidad de los hechos demuestra todo lo contrario.

*Debe anularse la resolución dictada por la Corte de Distrito de Guayama en 7 de octubre de 1933, y devolverse el caso a dicha corte para procedimientos ulteriores de acuerdo con los términos de esta opinión.*