EL BANCO DE PUERTO RICO, como liquidador del BANCO COMERCIAL DE PUERTO RICO, demandante y apelado, *v.* FRANCISCO DEL MORAL y su esposa ROSA TORRELLAS GUERRERO, demandados y apelantes. EL MISMO v. LOS MISMOS. EL MISMO v. LA MERCANTIL MORAL & CÍA., S. EN C., demandada y apelante.

Nos. 6906, 6907 y 6908.—*Sometidos:* Enero 21, 1935. *Resueltos:* Enero 24, 1935.

*J. Sabater* y *J. Alemañy Sosa,* abogados de los apelantes; *García Méndez & García Méndez,* abogados de los apelados.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

La parte apelada solicita la desestimación de estos tres recursos por no ser apelables las resoluciones recurridas.

La cuestión envuelta en todos es la misma. El Banco de Puerto Rico, como liquidador del Banco Comercial de Puerto Rico, inició contra Francisco del Moral y su esposa y Moral y Co. S. en C. tres procedimientos ejecutivos sumarísimos en cobro de créditos garantizados con hipotecas.

Ordenado y practicado el requerimiento de los deudores y no satisfechas las deudas, el 20 de febrero de 1934 se ordenó la venta en pública subasta de las fincas hipotecadas.

Y así las cosas, el 17 de marzo de 1934 los deudores presentaron en los tres procedimientos mociones de suspensión e intervención. Alegaron la falsedad de los títulos del acreedor. Se opuso éste y la corte finalmente, el 31 de julio de 1934, desestimó las mociones y en su consecuencia declaró no haber lugar a la suspensión. Los deudores apelaron para ante este tribunal.

La ley aplicable está contenida en el artículo 175 del Reglamento de la Ley Hipotecaria que en lo pertinente dice:

"Los procedimientos sumarios a que se refiere esta Sección, no podrán suspenderse por medio de incidentes ni por otro alguno, a instancia del deudor, del tercer poseedor, ni de ningún otro que se presente como interesado, salvo en los siguientes casos:

"1º. Si se justificare documentalmente la existencia de un procedimiento criminal por falsedad del título hipotecario en cuya virtud se proceda, en que se haya admitido querella o dictado auto de procesamiento.

"2º. Si se interpusiere una tercería de dominio, acompañando inexcusablemente con ella título de propiedad de la finca de que se trate, inscrito a favor del tercerista con fecha anterior a la inscripción del crédito del ejecutante y no cancelado en el Registro.

"3º. Si se presentare certificado del Registrador, expresivo de quedar cancelada la hipoteca en virtud de la cual se proceda, o copia auténtica de la escritura pública de cancelación de la misma, con la nota de presentación en alguno de los Registros en donde se haya de tomar razón de ella, otorgada por el actor o por sus causantes o causahabientes, acreditándose también documentalmente el título de transmisión en su caso.

"En el primer caso, subsistirá la suspensión hasta que termine la

causa criminal, pudiéndose reanudar entonces el procedimiento si no quedase declarada la falsedad.

"En el segundo caso, subsistirá hasta el término del juicio de tercería.

"En el cáso tercero, el Juez convocará a las partes a una comparecencia, debiendo mediar cuatro días desde la citación; oirá a las partes, admitirá los documentos que presenten, y acordará en forma de auto lo que estime procedente dentro de segundo día.

"Será apelable en ambos efectos este auto cuando ordenare la suspensión."

Es terminante. Sólo cabe apelar cuando se decreta la suspensión. Aquí se negó. La apelación no existe.

Los deudores sostienen, impugnando las mociones de desestimación, que:

"El estado de derecho actual hace anacrónicos los requisitos exigidos por el artículo 175 del Reglamento de la Ley Hipotecaria para obtener la suspensión del procedimiento ejecutivo sumario por el fundamento de falsedad del título, debido a las disposiciones del Art. 2º. del Código de Enjuiciamiento Civil, que establece independencia absoluta en el ejercicio de las acciones civil y criminal, según la jurisprudencia de esta Hon. Corte Suprema en los casos de *Zalduondo* vs. *Sánchez*, 15 D.P.R. 231 y *Guzmán* vs. *Vidal*, 19 D.P.R. 841. Igualmente la disposición de dicho artículo 175 de que el auto que se dicte en el procedimiento de suspensión sólo será apelable si decreta la suspensión, es también anacrónica por conceder a una parte un derecho que niega a la otra y ser contraria a lo establecido por nuestra Carta Orgánica y la Constitución de los Estados Unidos que reconoce igual oportunidad a todas las partes ante la Ley."

La primera cuestión que se suscita va a los méritos de los recursos. No cabe considerarla ya que el único motivo alegado para pedir la desestimación, es que las resoluciones de que los deudores se quejan no son apelables.

La segunda se formula limitándose los deudores á establecer una conclusión legal sin razonamiento ni cita de autoridades que la sostengan. No se nos ha convencido de que la concesión del recurso de apelación sólo en el caso de que se ordene la suspensión, sea contraria a nuestra Carta Orgá-

nica y a la Constitución de los Estados Unidos. A nuestro juicio está en armonía con la rapidez del procedimiento que es uno de los propósitos esenciales de la ley especial sobre la materia, sin que ello quiera decir que el deudor quede huérfano de todo remedio para defender sus derechos.

*Deben desestimarse los recursos.*