BANCO DE PUERTO RICO, como Liquidador del BANCO COMERCIAL DE PUERTO RICO, demandante y apelado, *v.* CRISTÓBAL CRUET CARRASQUILLO y su esposa MARÍA CORNELIA CRUET, demandados y apelantes.

Núm. 7276.—*Sometido:* Junio 15, 1937. *Resuelto:* Julio 31, 1937.

*M. Guzmán Texidor,* abogado de los apelantes; *C. Domínguez Rubio,* abogado del apelado.

EL JUEZ ASOCIADO SEÑOR WOLF emitió la opinión del tribunal.

En un procedimiento ejecutivo sumario el Banco de Puerto Rico, como liquidador del Banco Comercial de Puerto Rico, obtuvo sentencia contra Cristóbal Cruet Carrasquillo y su esposa. Aparentemente hubo alguna amenaza por parte de Cruet Carrasquillo de iniciar un litigio para anular la sentencia, mas sea ello como fuere, las partes se pusieron de acuerdo y convinieron que Cristóbal Cruet podía continuar en posesión del terreno. Así lo hizo y lo cultivó por espacio de un año. Entonces el Banco solicitó de la corte que expidiera un auto poniéndole en posesión. La corte actuó de conformidad. Más tarde, Cruet solicitó que se dejara sin efecto la orden en que se entregaba al Banco la posesión del terreno. La Corte declaró sin lugar su moción y Cruet apeló.

El Banco de Puerto Rico ha solicitado la desestimación del recurso basado en que las órdenes poniendo a una parte en posesión luego de dictarse sentencia en un procedimiento ejecutivo sumario no son apelables. Los casos que sostienen

esta contención son los siguientes: *Roig Commercial Bank* v. *Bustelo,* 44 D.P.R. 541; *Banco de P. R.* v. *Francisco del Moral,* 48 D.P.R. 2.

La teoría constante ha sido que, con ciertas excepciones, el remedio del deudor hipotecario lo es un pleito ordinario, y cuestiones incidentales, incluyendo la de posesión, no pueden ser levantadas en el procedimiento ejecutivo sumario, y en su consecuencia no pueden ser revisadas en apelación por este tribunal.

Sin embargo, el apelante trata de distinguir estos casos con el razonamiento del caso de *Gratacós* v. *Corte de Distrito,* 46 D.P.R. 175.

El caso de Gratacós no fué una excepción a esta regla, porque allí la revisión se hizo a virtud de un *certiorari.*

Aunque teníamos algunas dudas por razón del caso de Gratacós, supra, estamos ahora convencidos de que no procede una apelación en este caso.

*Debe desestimarse el recurso.*

El Juez Asociado Señor Córdova Dávila no intervino.