BANCO DE PUERTO RICO, como Liquidador del BANCO COMERCIAL DE PUERTO RICO, demandante y apelado, *v.* CRISTÓBAL CRUET CARRASQUILLO y su esposa MARÍA CORNELIA CRUET, demandados y apelantes.

Núms. 7233 y 7276.—*Sometidos:* Noviembre 1, 1937. *Resueltos:* Noviembre 3, 1937.

*M. Guzmán Texidor,* abogado de los apelantes; · *C. Domínguez Rubio,* abogado del apelado.

EL JUEZ ASOCIADO SEÑOR WOLF emitió la opinión del tribunal.

La moción de reconsideración en estos casos se basa exclusivamente en la supuesta analogía que éstos tienen con el caso de *Gratacós* v. *Corte de Distrito,* 46 D.P.R. 175. Los peticionarios sostienen que de conformidad con la doctrina sentada en dicha decisión, el procedimiento en éstos ha perdido su naturaleza sumaria. A base de esa premisa llegan a la conclusión de que el pleito se había convertido en ordinario y de que la resolución en controversia era apelable como una especialmente dictada después de sentencia final.

En el caso de Gratacós, supra, se alegó que el acreedor hipotecario había tomado posesión material de la finca, arrendádola a un tercero y luego a una cuarta persona que a su vez la subarrendó al deudor hipotecario original. Más tarde el acreedor, tres años nueve meses después de la adjudicación en pública subasta, pero dentro del mismo procedimiento, solicitó se le pusiera en posesión de la finca. El deudor radicó una oposición y solicitó ser oído. La corte declaró sin lugar su solicitud basada en el hecho de que ella suspendería el procedimiento sumario ejecutivo en forma no provista por la Ley Hipotecaria. En un *certiorari* interpuesto ante este tribunal, devolvimos el caso para que se le diera al deudor la oportunidad de probar los hechos por él alegados. Incidentalmente dijimos que era difícil manifestar que el procedimiento ejecutivo sumario había, después de transcurridos tres años nueve meses contados a partir de la subasta, retenido su carácter sumarísimo.

Los casos ante nos difieren considerablemente del de Gratacós en sus hechos. En primer lugar, el acreedor nunca había estado en posesión hasta el momento en que radicó su moción. En segundo lugar, tan sólo había transcurrido un año desde la adjudicación, y al deudor se le concedió una vista. Por último, aunque ello no es menos importante, éstos son recursos de apelación y no un *certiorari.* No tenemos duda

de que una resolución, dictada claramente dentro de un procedimiento ejecutivo sumario, que pone al acreedor en posesión, conforme sucedió en el caso de *Roig Commercial Bank* v. *Bustelo*, 44 D.P.R. 541, o como ocurre en estos casos, que se niega a dejar sin efecto tal resolución, es inapelable.

*Debe declararse sin lugar la moción de reconsideración.*

El Juez Asociado Señor Córdova Dávila no intervino.