VIEJO & RODRÍGUEZ, sociedad civil en liquidación, deman-
dante y apelante, *v.* JUAN IGNACIO CALOCA, ISABEL ROIG
DE CALOCA, y MARÍA VITALIA CALOCA, demandados y ape-
lados.

No. 3820.—*Visto:* Enero 27, 1926.   *Resuelto:* Mayo 18, 1926.

1. HIPOTECAS—EJECUCIÓN DE HIPOTECAS—SENTENCIA O DECRETO Y EJECUCIÓN—
DE LA ORDEN DE EJECUCIÓN.—La sección 2 de la Ley de marzo 9, 1905
(Comp. 5296), no está limitada a acciones en ejecución sumaria sino que
comprende todas las sentencias por las cuales se ejecute un gravamen.

2. HIPOTECAS—EJECUCIÓN DE HIPOTECAS—VENTA—POSESIÓN AL ADQUIRENTE DE
INMUEBLES EJECUTADOS—TÉRMINO PARA PONERLO EN POSESIÓN—CUMPLI-
MIENTO DE LA ORDEN DE POSESIÓN YA VENCIDO EL TÉRMINO.—Un adquirente
de inmuebles ejecutados que deje correr el término estatutorio sin pedir que.
el márshal le ponga en posesión de dichos bienes puede solicitar de la corte
expida orden para que se cumpla el mandamiento—y ésta tiene facultad para
hacer cumplir su orden—aún después de vencido dicho término.

3. HIPOTECAS— EJECUCIÓN DE HIPOTECAS—VENTA— POSESIÓN AL COMPRADOR DE
INMUEBLES EJECUTADOS—PLAZO DENTRO DEL CUAL DEBE DARSE AQUÉLLA—
CUMPLIMIENTO DE LA ORDEN DE POSESIÓN DESPUÉS DEL PLAZO.—Ejecutados
unos inmuebles por el procedimiento sumario hipotecario y adjudicados aqué-
llos en la venta verificada dándose posesión parcial de los mismos al com-
prador, la corte tiene facultad para hacer cumplir su orden disponiendo se
dé posesión al comprador dentro del plazo de treinta días aún después de
vencido dicho término.

RESOLUCIÓN de *Pablo Berga, J.* (San Juan), declarando sin lugar
moción para que se dé posesión material de una finca adjudicada
en procedimiento especial hipotecario.   *Revocada.*

*Jacinto Texidor,* abogado de la apelante; *Luis Muñoz Morales,* abo-
gado de los apelados; *Angel Arroyo, amicus curiæ.*

EL JUEZ ASOCIADO SEÑOR HUTCHISON, emitió la opinión del
tribunal.

La resolución de la cual se quejan los apelantes es como
sigue:

"La parte ejecutante solicita en moción radicada el 26 de octu-
bre, 1925, se le dé posesión material de la finca urbana situada en
la calle del Sol, de Río Piedras, que le fué adjudicada en el proce-
dimiento especial en cobro de crédito hipotecario, así como de una
casa y parte del terreno de la finca rústica que le fué también adju-
dicada en el mismo procedimiento.

"Aparece de autos y de la propia moción, que la ejecución de los
inmuebles y su adjudicación a la demandante tuvo lugar el 24 de
Agosto de 1925, otorgándose la escritura el 2 de Septiembre 1925,

en cuya fecha se le dió posesión de parte de los mismos, y la Sección 2 de la Ley relativa a las sentencias y manera de satisfacerlas dispone, en cuanto a estos pleitos especiales en cobro de hipoteca, que la sentencia dispondrá se dé posesión al comprador del inmueble ejecutado dentro del plazo de 30 días contados desde el de la venta.

"Dejando a un lado la cuestión de si en un pleito ordinario podría el marshal, sin necesidad de acudirse al procedimiento de desahucio, lanzar al propietario de los bienes subastados al verificarse la subasta, tenemos que convenir que tratándose de pleitos especiales en los cuales se limita la intervención del demandado hasta el punto de convertirse en procedimiento *ex parte,* el legislador ha limitado el derecho de obtener la posesión al término de 30 días, pasados los cuales exime al ejecutado de las limitaciones extraordinarias consignadas en el procedimiento hipotecario, obligándose al adjudicatario de los bienes ejecutados a utilizar los procedimientos ordinarios para obtener la posesión de los mismos.

"Se declara sin lugar la moción sin perjuicio de los remedios ordinarios que la ley concede a la demandante."

[1, 2] El artículo de la ley a que se ha referido el **juez** de distrito parece que fué tomado del estatuto de **Texas** de 1885. Sayles' Texas Civil Statutes, (1897) artículo 1341.

Las cortes de Texas al parecer no interpretaron la cláusula "dentro de treinta días" durante la década que **siguió** inmediatamente a la aprobación de la ley. No podemos conseguir un digesto reciente de las decisiones de Texas, ni hemos tenido tiempo de examinar los tomos en **particular** publicados durante el último cuarto del siglo **pasado.**

Sin embargo, la práctica de las cortes de Texas anterior al año 1885, se indica en el caso de *Voigtlander* v. *Brotze,* 59 Texas, 286.

Cualquier otro significado que puedan tener las palabras "dentro de treinta días," no quieren decir que la **corte** no tiene facultad para hacer cumplir su orden después de vencido ese término. La sección no está limitada a acciones en ejecución sumaria como asume la corte inferior, sino que comprende todas las sentencias por las cuales se ejecuta un gravamen.

Creemos que el fin de la legislación a lo sumo fué hacer

que un adquirente que ha dejado correr el período prescrito sin pedir que el márshal le ponga en posesión de la propiedad que ha adquirido, solicite de la corte en la forma ordinaria que expida una orden para que se cumpla el mandamiento.

Si ha de notificarse o nó tal moción, y qué otros requisitos deben cumplirse, o qué otra demostración o explicación puede exigirse por el juez de distrito dentro de una sana discreción judicial y de acuerdo con los principios y reglas generales de práctica en equidad, son cuestiones que no están envueltas en esta apelación y no es necesario considerar ahora.

*Debe revocarse la resolución apelada.*