Lorenzo Dávila, demandante y apelante, *v.* Antonio Sotomayor y Gerónima Pizarro, demandados y apelante la segunda.

No. 3723.—*Visto:* Noviembre 6, 1925. *Resuelto:* Julio 19, 1926.

1. Desahucio—Desahucio en Precario—Apelación—Resolución y Disposición del Caso—Revocación—Motivos Insuficientes para Revocar.—Ejercitada acción de desahucio contra unos cónyuges, si sólo se emplaza a la esposa, ya viuda, ésta comparece y la sentencia sólo se refiere a ella, el hecho de no haberse eliminado de la acción el nombre del esposo no lleva consigo la revocación de la sentencia dictada.

2. Desahucio—Desahucio en Precario—Cuestiones a Resolver—Título del Demandante—Nulidad del Mismo.—La cuestión de si el título del demandante adolesce de nulidad que impida ejercitar los derechos que del mismo se dimanan, no puede resolverse en un juicio sumario y especial como es el de desahucio, en que solamente se trata el derecho que para despedir al que ocupa la finca tiene el que por el momento aparece dueño y poseedor de ella. (*León v. Alvarado,* 24: 700, confirmado.)

3. Desahucio—Desahucio en Precario—Cuestiones a Resolver—Título del Demandante—Nulidad del Mismo.—Adquirida una finca por compra en

pública subasta celebrada con motivo de la ejecución de una hipoteca constituída sobre dicha finca, dicho título no puede calificarse como inexistente porque exista una irregularidad en la publicación de los edictos anunciando la subasta; dicha irregularidad ni afecta al comprador de buena fe ni puede considerarse en una acción colateral como ésta—desahucio fundado en dicho título—para anular la subasta que originó la venta y adjudicación de la finca. (*Trueba v. Martínez*, 33: 461, ratificado.)

4. DESAHUCIO—DESAHUCIO EN PRECARIO—DEFENSAS—DERECHO DE ''HOMESTEAD'' DEL DEMANDADO EN LA FINCA DE QUE SE TRATA.—Cuando ejecutada una hipoteca sobre una finca, el adquiriente de ésta al ser vendida en pública subasta inicia acción de desahucio contra los ejecutados para obtener posesión de aquélla, los demandados en dicha acción pueden alegar, como defensa, el derecho de *homestead* que tengan en la finca de que se trata.

5. HOGAR SEGURO (*Homestead*)—ABANDONO, RENUNCIA (*Waiver*) O CONFISCACIÓN O PÉRDIDA (*Forfeiture*)—CONSTITUCIÓN DE HIPOTECA COMO RENUNCIA DEL DERECHO DE ''HOMESTEAD.''—Por el mero hecho de constituirse una hipoteca sobre una finca por sus dueños, no queda tácitamente renunciado el derecho de *homestead* que éstos tengan sobre dicha finca.

6. HOGAR SEGURO (*Homestead*)—ABANDONO, RENUNCIA (*Waiver*) O CONFISCACIÓN O PÉRDIDA (*Forfeiture*)—VENTA DE LA FINCA EN LA QUE SE TIENE EL DERECHO DE ''HOMESTEAD''—SUBASTA EN EJECUCIÓN SUMARIA DE HIPOTECA SOBRE DICHA FINCA—DERECHO DE ''HOMESTEAD'' NO INVOCADO EN EL ACTO DE LA VENTA.—Dentro de los hechos de este caso, *se resolvió* el derecho de *homestead* reclamado no podía entenderse implícitamente renunciado por el hecho de que dicho derecho no fué invocado por el reclamante en el acto mismo de la venta en pública subasta celebrada con motivo de la ejecución de una hipoteca constituída sobre la finca en que él tenía tal derecho.

7. HOGAR SEGURO (*Homestead*)—NATURALEZA, ADQUISICIÓN Y EXTENSIÓN—ADQUISICIÓN Y ESTABLECIMIENTO — CONSTITUCIÓN DEL DERECHO — TERCEROS.—No exigiendo nuestra ley relativa al *homestead* que éste se constituya en determinada forma, no cabe exigir que tal derecho conste en escritura pública y deba inscribirse en el registro para que pueda perjudicar a tercero.

8. DESAHUCIO — DESAHUCIO EN PRECARIO — PROCEDENCIA DEL MISMO—CASOS EN QUE EL DEMANDADO TIENE UN DERECHO DE ''HOMESTEAD'' SOBRE LA FINCA DE QUE SE TRATA—RECONOCIMIENTO DEL DERECHO COMO CONDICIÓN PREVIA PARA DECRETAR EL DESAHUCIO.—Cuando el adquiriente de una finca—vendida en pública subasta celebrada con motivo de la ejecución de una hipoteca constituída sobre dicha finca—inicia acción de desahucio contra los ejecutados, y de las alegaciones y de la prueba en dicha acción consta que los esposos que constituyeron la hipoteca tenían de antiguo constituído su hogar seguro en dicha finca y el jefe de familia—la viuda—vive en ella con sus hijos menores, sólo cabe decretar el desahucio con lugar siempre que el derecho de *homestead* sea reconocido.

SENTENCIA de *R. Díaz Cintrón*, J. (Ponce), declarando con lugar la demanda, sin costas. *Modificada y confirmada.*

*Vicente Zayas Pizarro,* abogado de la apelante Gerónima Pizarro; *Carlos Brunet del Valle y Erasto Arjona Siaca,* abogados del apelado.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

El 18 de febrero de 1925 Lorenzo Dávila entabló demanda de desahucio contra Antonio Sotomayor y Gerónima Pizarro. Alegó en ella ser dueño de una finca rústica poseída por los demandados sin pagar canon ni merced.

Sólo pudo emplazarse a la demandada señora Pizarro y no al demandado Sotomayor, por haber éste fallecido.

Contestó la demandada Pizarro negando los hechos de la demanda y alegando tres defensas especiales, a saber: que su esposo el codemandado Sotomayor había fallecido dejando herederos que no habían sido emplazados, careciendo por tanto la corte de jurisdicción sobre los mismos; que el título del demandante a la finca en cuestión era inexistente, y que la demandada y su esposo tenían constituído su hogar seguro en la casa enclavada en la finca de que se trata.

Fué el pleito a juicio. Se probó que los esposos Sotomayor-Pizarro constituyeron hipoteca sobre la finca para garantizar el pago de cierta deuda; que ejecutada la hipoteca, se vendió la finca en pública subasta adquiriéndola el demandante Dávila; que no habiendo podido Dávila obtener que se le diera posesión de la finca en el pleito sobre ejecución de hipoteca, inició éste de desahucio; que la demandada estaba en posesión de la finca y dentro de ella vivían también hijos de Alvarado, unos con la madre y otros en casa aparte; y que los edictos anunciando la venta de la finca hipotecada se publicaron en El Aguila de Puerto Rico en los números correspondientes al 30 de julio, 6 y 11 de agosto de 1924, verificándose la venta el 12 de agosto de 1924. El requerimiento de pago se hizo a los esposos deudores el 10 de junio de 1924. El 16 del propio mes de junio de 1924 falleció el esposo Sotomayor. Varios testigos declararon que la casa en que vivía la demandada tenía de construída más de treinta años y en ella vivieron siempre los esposos existiendo hijos mayores

y menores del matrimonio, siendo la demandada el jefe actual de la familia.

La Corte dictó sentencia "ordenando que la demandada Gerónima Pizarro, dentro del término de veinte días, a contar desde que fuere firme esta sentencia, deje libre y expedita y a la libre disposición del demandante la finca objeto de este litigio, que más adelante se describirá, apercibida de lanzamiento si así no lo verificare." Y no conforme la demandada interpuso este recurso de apelación señalando en su alegato cinco errores que luego agrupa en tres, a saber: falta de jurisdicción de la corte sobre Sotomayor y sus herederos, inexistencia del título de Dávila, defensa de *homestead.*

[1] El primer error no existe. Es cierto que la demanda se tituló contra Sotomayor y su esposa, pero es cierto también que sólo se emplazó a la esposa, ya viuda, por haber fallecido el esposo. La esposa compareció y alegó sus defensas. La sentencia sólo se refirió a la viuda. El nombre de Sotomayor debió ser eliminado para evitar confusiones, pero el que no lo fuera no lleva consigo la revocación de la sentencia. En realidad se trata de un pleito de desahucio seguido únicamente contra Gerónima Pizarro.

[2, 3] Tampoco existe el segundo error. El demandante probó que había adquirido la finca de que se trata por compra en pública subasta. La subasta se decretó y se llevó a efecto con motivo de la ejecución de una hipoteca constituída sobre la dicha finca. Siendo ello así, no podía la demandada en el pleito de desahucio levantar la cuestión de nulidad, de acuerdo con lo decidido por esta Corte Suprema en el caso de *León* v. *Alvarado,* 24 D.P.R. 700, así:

"La cuestión de si el título del demandante adolece de nulidad que impida ejercitar los derechos que del mismo se dimanan, no puede resolverse en un juicio sumario y especial como es el de desahucio, en que solamente se trata el derecho que para despedir al que ocupa la finca tiene el que por el momento aparece dueño y poseedor de ella.

"El hecho de que el demandado en un juicio de desahucio haya pedido la nulidad del pleito que produjo la venta y adjudicación al demandante de la finca objeto del desahucio, no es motivo para declarar que el demandante no tenga título suficiente para obtener sentencia favorable, porque mientras no se anule el juicio y la venta, su título es válido, seguirá siendo el dueño, y como tal con derecho a que el demandado desocupe la finca."

No se trata de un título que abiertamente, sin necesidad de solicitar y obtener la nulidad en el juicio apropiado y ante la corte con jurisdicción para ello, pueda calificarse de inexistente. A lo sumo lo que reveló la prueba fué una irregularidad en la publicación de los edictos anunciando la subasta, que no afectaba al comprador de buena fe, de conformidad con la jurisprudencia establecida por esta Corte Suprema. "La infracción a que aluden los apelantes"—dijo esta corte en el caso de *Trueba* v. *Martínez*, 33 D.P.R. 461— "del art. 251 del Código de Enjuiciamiento Civil, en cuanto al anuncio de la subasta, es una mera irregularidad que no afecta al comprador de buena fe, y no puede considerarse en una acción colateral, como ocurre en este caso, para anular la subasta que originó la venta y adjudicación de la finca hipotecada. *Henna* v. *Saurí y Subirá*, 22 D.P.R. 836, y *Solá* v. *Castro*, 32 D.P.R. 804."

[4] Levántase por el tercer error una cuestión nueva en esta jurisdicción.

Desde el 20 de marzo de 1903 la Asamblea Legislativa de Puerto Rico decretó la "Ley para definir el 'Homestead' (hogar seguro) y para exentarlo de una venta forzosa" y muy pocas veces se han suscitado cuestiones en relación con la misma. Parece que el pueblo durante tantos años no se ha dado cuenta de la existencia de la ley. No ha sido ese el caso en los estados y territorios de la Unión donde el estatuto, en forma igual, semejante o diferente, de antiguo existe y donde se han dictado miles de decisiones por los tribunales de justicia ora explicando el espíritu y el alcance de sus preceptos, ya aclarando y resolviendo los múltiples problemas

que su aplicación ha suscitado.  Corpus Juris dedica más de doscientas cincuenta páginas de su tomo 29 a resumir los principios establecidos por la jurisprudencia sobre el particular.  Copiamos de la obra citada:

"Por virtud de disposiciones constitucionales y estatutorias, el *homestead* (hogar seguro) está por la ley en muchos estados exento de responsabilidad por todas las deudas del dueño, excepto por aquellas que son expresamente excluídas del efecto de estas disposiciones.  Estos preceptos no son declaratorios del derecho común, aunque originalmente ninguna propiedad inmueble podía ser tocada en ejecución para el pago de deudas.  Se ha dicho que las leyes de *homestead* no se fundan en la equidad, sino que son promulgadas como una cuestión de política pública y en interés de la humanidad.  La conservación del *homestead* se considera de más importancia que el pago de las deudas.  El objeto de las disposiciones es proveer un hogar para cada ciudadano del estado, donde su familia pueda albergarse y vivir lejos del alcance de un desastre financiero, e inculcar a los individuos aquellos sentimientos de independencia que son esenciales al mantenimiento de instituciones libres.  El propósito de los preceptos de *homestead* es proteger también a la familia en su integridad, y no al individuo que por el momento es el jefe de la familia.  Además, el estado está interesado en que un ciudadano no sea despojado de sus medios de vida y reducido a la indigencia."  29 C. J. 782–3.

En Puerto Rico el derecho es de origen estatutorio.  Las seis secciones de que consta la ley, dicen:

"Sección 1.—Que todo jefe de familia, que tenga familia, tendrá derecho a una finca de *homestead*, hasta el valor de quinientos dollars ($500) en una estancia, plantación o predio de terreno y en los edificios contenidos en el mismo, que le pertenezca o que posea legalmente, en virtud de arrendamiento o en otra forma y estuviere ocupado por él o ella como su residencia; y dicho *homestead* y todo derecho o título sobre el mismo estará exento de embargo, sentencia, exacción o ejecución, excepción hecha de las contribuciones que adeudare, el valor de la venta (compra) de dicha propiedad o la responsabilidad incurrida por mejoras que se hicieren en la misma, y excepción hecha también de lo que más adelante se establece; *Disponiéndose,* que en caso de arrendamiento u otro contrato análogo nada de lo contenido en esta ley se interpretará en el

sentido de que se prohiba al dueño o propietario de dicha estancia,. plantación o predio de terreno, y de los edificios contenidos en el mismo, entrar de nuevo en posesión de dicha propiedad de acuerdo con lo estipulado en dicho contrato de arrendamiento o convenio, al faltarse al cumplimiento de las condiciones del mismo.

"Sección 2.—Que dicha exención continuará después de la muerte del jefe de familia, a beneficio del esposo o esposa superviviente, mientras él o ella continúe ocupando dicho *homestead,* y después de la muerte de ambos, esto es del esposo y de la esposa, a beneficio de sus hijos, hasta que el menor de éstos haya llegado a la edad de veinte y un años; en caso de que el esposo o la esposa abandonase su familia, la exención continuará en favor del cónyuge que ocupe la finca como residencia; y en caso de divorcio, el tribunal que lo conceda podrá disponer del *homestead* según la equidad del caso.

"Sección 3.—Que no será válida ninguna renuncia o traspaso de una finca así exentada, a menos que se consigne expresamente en la escritura de traspaso por dicho jefe de familia, su esposo o esposa,. si él o ella lo tuvieren, o a menos que se obtuviere o abandonare la posesión de acuerdo con la escritura de traspaso, o sin la orden de la corte de distrito disponiendo el traspaso del título de la propiedad, siempre que la exención se haga extensiva a un hijo o hijos.

"Sección 4.—Que no se hará venta alguna, por virtud de sentencia o ejecución, de ninguna estancia, plantación o predio de terreno, y de los edificios contenidos en el mismo, cuando se reclamare u ocupare dicha finca como *homestead,* a menos que se obtenga por ella una suma mayor de quinientos dollars ($500). En caso que dicha estancia, plantación o predio de terreno y los edificios en el mismo, se vendieren por más de quinientos dollars, el excedente sobre la suma últimamente citada, se pagará al acreedor y la suma de $500 se pagará al deudor, y estará libre de ejecución en virtud de sentencia o decreto por un período de treinta días; *Disponiéndose,* que esta sección no será de aplicación a ninguna venta que se haga para obligar al pago de contribuciones que adeude dicha propiedad, o a la deuda o gravamen incurrido para (por) la compra de la misma, o para las mejoras que en ella se hicieren, o cuando se hiciere dicha venta en virtud de traspaso en que se haga renuncia de la exención que dispone la sección 3 de esta ley.

"Sección 5.—Que toda ley, o parte de ley, orden general y decreto en conflicto con esta ley, queda por la presente derogada.

"Sección 6.—Que esta ley principiará a regir inmediatamente después de su aprobación." Comp. Estatutos Revisados de Puerto Rico, págs. 230–31.

Examinemos ahora las circunstancias peculiares de este caso concreto. Ya nos hemos referido a lo alegado en la demanda y al resultado de la prueba practicada en el juicio. Parece conveniente ahora transcribir lo que sigue de la súplica de la contestación a los efectos de conocer bien los términos en que la demandada planteó el problema. Dice así:

". . . . y declarando igualmente que tiene un derecho de *Homestead* sobre dicho inmueble, incluyendo casa y terreno hasta la suma de quinientos dólares, y que se nombre un perito para la tasación de dicho inmueble, y dado el caso de que tuviera un valor mayor al *homestead*, se le separe a dicha compareciente un lote de terreno juntamente con dicha casa que equivalga al valor de dichos $500.00 o en su defecto que la corte disponga lo que crea en equidad y justicia en este caso, con los demás pronunciamientos de ley."

En su alegato la parte apelada sostiene:

1. Que el derecho de *homestead* no es una defensa admisible en un caso de desahucio;

2. Que aún aceptando que lo sea, los hechos de este caso demuestran que el derecho fué renunciado al constituirse la hipoteca, y

3. Que en Puerto Rico, dada la existencia de la Ley Hipotecaria y debiendo considerarse el *homestead* como un derecho real, debe inscribirse en el registro de la propiedad.

Para sostener que no cabe alegar el derecho de *homestead* en un pleito de desahucio cita el apelado únicamente el caso de *Lazar* v. *Caston et al.*, de la Corte Suprema de Mississippi, reportado en 7 So. 321.

Hemos estudiado la autoridad citada y a nuestro juicio no tiene el alcance que le atribuye el apelado. La opinión es muy corta y todo lo que dice en lo pertinente es:

"La segunda instrucción es errónea en cuanto asume que la exención de *homestead* puede ser conferida en una acción de reivindicación. Los *homestead* deben ser designados por los comisionados con vista de la propiedad y no por un jurado que sólo descansa en la prueba presentada."

Parece conveniente hacer constar que si bien se trata aquí de un pleito de desahucio, es lo cierto que a él se recurrió innecesariamente. El conflicto surgió al darse posesión de la finca vendida en el pleito sobre ejecución de hipoteca seguido por Angel Martínez Caballero contra los esposos Sotomayor-Pizarro. La orden de posesión pudo y debió ser librada dentro del pleito mismo, (*Viejo & Rodríguez* v. *Caloca*, 35 D.P.R. 469) sin necesidad de que el comprador tuviera que iniciar un nuevo pleito de desahucio.

[5] La cuestión realmente dudosa es la de si a virtud de la hipoteca constituída sobre la finca en cuestión por sus dueños los dichos esposos Sotomayor-Pizarro, el derecho de *homestead* que ahora invoca la viuda quedó tácitamente renunciado.

Cita la parte apelada varios casos en apoyo de la afirmativa y hace referencia al tomo 29 de Corpus Juris, página 954. Las citas sostienen en efecto su proposición pero en la página siguiente—955—del propio tomo 29 de Corpus Juris encontramos lo siguiente:

"Pero cuando los estatutos prescriben expresamente los métodos por los cuales puede despojarse a un deudor de sus derechos de homestead no puede haber renuncia tácita."

Y en Puerto Rico la ley, como hemos visto, dice: "Que no será válida ninguna renuncia o traspaso de una finca así exentada, a menos que se consigne *expresamente en la escritura de traspaso*. . . . ." Las itálicas son nuestras. Y si se exige que la renuncia sea expresa en un traspaso, claro es que debe serlo en una hipoteca.

La prueba demuestra además que la deuda que se garantizó con la hipoteca provenía de efectos de comercio y honorarios, no del valor o parte del valor de la propiedad hipotecada o de la responsabilidad incurrida por mejoras que se hicieran a la misma que, con las contribuciones y las renuncias expresas, son las únicas excepciones fijadas por la ley.

[6] Otra circunstancia a considerar es la de si no ha-

biendo pedido la demandada al venderse la finca que se reconociera el derecho de *homestead,* puede reclamarlo ahora que otra persona compró.

Los autos demuestran que el requerimiento de pago se hizo al esposo demandado en el pleito sobre ejecución de hipoteca el 10 de junio de 1924 y que seis días después murió el requerido.  Siguió el pleito adelante.  Quedaba sólo la viuda.  Y así se vendió la finca.

Y demuestran los autos además que el comprador aunque es una persona distinta del acreedor hipotecario, tenía perfecto conocimiento de los hechos.  Declarando en el juicio, se expresó así:

"El demandante Lorenzo J. Dávila declaró sustancialmente que adquirió dicha finca en subasta pública en procedimiento de Angel Martínez contra Antonio Sotomayor y su esposa Gerónima Pizarro, que los demandados se han negado a entregarle la posesión de la misma, por cuya razón ha tenido necesidad de recurrir al desahucio. Que conoció personalmente a don Antonio 'Sotomayor y conoce a su esposa doña Gerónima Pizarro desde hace muchos años, que los ha conocido siempre viviendo en la finca objeto de litigio, radicada en el barrio de Río Canas Arriba de Juana Díaz, la cual finca conoce el declarante por tener su padre varias fincas colindantes con ella en el mismo barrio y haber visitado ese lugar en diferentes ocasiones."

A virtud de los anteriores hechos y de la jurisprudencia que a continuación citamos creemos que tampoco puede entenderse implícitamente renunciado el derecho de *homestead* por no haber sido invocado en el acto mismo de la venta:

"La omisión de un deudor de oponerse a una venta en ejecución de bienes de *homestead* no constituye una renuncia del derecho de *homestead* cuando no es necesario para preservar los derechos de *homestead* que el deudor alegue específicamente el derecho de *homestead* antes de la venta de la propiedad." 29 C. J. 955.

"Al aplicar las reglas que gobiernan los derechos de los compradores de buena fe, o quizás bajo la doctrina de impedimento, o en ambas circunstancias, se ha resuelto que quien se convierte en comprador o acreedor hipotecario de bienes que tienen el carácter

de *homestead,* en circunstancias que no le dan aviso efectivo ni interpretativo de tal carácter, adquiere libre de reclamación por derecho de *homestead.* Pero los compradores y acreedores hipotecarios están obligados a hacer averiguación de aquellos hechos que razonablemente pueden llegar a conocer, y deben tomar conocimiento de las condiciones que dan al *homestead* su carácter de tal. Así, un comprador o acreedor hipotecario de un *homestead* adquiere la propiedad gravada con los derechos de *homestead* que él tuviera conocimiento ya existían. El que recibe una hipoteca sobre bienes de *homestead* en violación de la ley no adquiere derecho alguno bajo tal instrumento.'' 29 C. J. 917–18.

[7] Resta sólo considerar la influencia que puede tener la Ley Hipotecaria a los efectos de exigirse que el derecho de *homestead* conste en escritura pública y deba inscribirse en el registro para que pueda perjudicar a tercero.

Cita la parte apelada algunos casos de California que en nuestra opinión no son aplicables porque en dicho estado a partir de la vigencia del artículo 1264 de su Código Civil, quedó ordenado expresamente que la constitución del *homestead* se hiciera en documento público y se inscribiera.

Conocemos la ley puertorriqueña. Es parecida a la antigua ley de California que luego fué enmendada y a la de otros estados. No exige que el *homestead* se constituya en determinada forma y no creemos que lo que no exigió expresamente el legislador pueda suplirse con las disposiciones de una ley anterior.

La Legislatura quiso introducir una institución nueva demostrando un espíritu liberal y las cortes no deben restringir su voluntad.

Más bien consideramos aplicable la siguiente jurisprudencia resumida por Ruling Case Law así:

''En una mayoría de los estados la ocupación de determinado lugar por una familia es prueba presuntiva de su apropiación como *homestead* y constituye un aviso de ese hecho al mundo entero, siendo además la regla que la compra de un hogar con la intención de ocuparlo como un *homestead,* seguida de la ocupación real den-

tro de un tiempo razonable, le imprime, *ab initio*, el carácter e inviolabilidad del *homestead*." 13 R.C.L. 588.

Entendemos que exigir que el *homestead* conste en un documento otorgado con todas las formalidades requeridas por la Ley Notarial y que se inscriba en el registro de acuerdo con la Ley Hipotecaria, constituiría en la mayor parte de los casos—en los más justos en verdad—la anulación del propósito de la ley.

[8] Por virtud de todo lo expuesto opinamos que constando como consta de las alegaciones y la prueba que los esposos Sotomayor-Pizarro tenían de antiguo constituído un hogar seguro en la finca de que se trata de desalojar a la esposa—que es hoy el jefe de familia—y a los hijos menores que en su compañía viven, sólo cabe decretar con lugar el desahucio siempre que el derecho de *homestead* sea reconocido, *debiendo modificarse* la sentencia en tal sentido y *confirmarse* así modificada.

Los Jueces Asociados Sres. Aldrey y Franco Soto disintieron.