José Dolores Martínez, demandante y apelante, *v.* Enrique, Herminio y Maximino Figueroa y María Vivié, demandados y apelados.

Núm. 7404.—*Sometido:* Enero 15, 1937. *Resuelto:* Febrero 18, 1937.

*Enrique Báez García,* abogado del apelante; *José Sabater,* abogado de los apelados.

EL JUEZ ASOCIADO SEÑOR TRAVIESO, emitió la opinión del tribunal.

José Dolores Martínez interpuso demanda de desahucio en precario, alegando ser dueño de una finca que adquirió del Márshal de la Corte Municipal de Mayagüez, en subasta pública; y que los demandados están ocupando la finca y una casa enclavada en ella, sin pagar canon o merced alguna y contra su voluntad, habiéndoles requerido distintas veces para que la abandonasen, a lo que se han negado.

Alegan los demandados que el título en que se basa el demandante procede de una sentencia que éste obtuvo contra Enrique Figueroa, causante de los demandados, en el pleito número 9317 ante la Corte Municipal de Mayagüez, sobre cobro de un pagaré suscrito por éste, y que dice:

"Por $92.32.

"Debo y pagaré en virtud del presente y a la orden de Don Dolores Martínez la suma de noventa y dos dólares treinta y dos centavos, moneda americana, valor recibido, la que devolveré con más intereses al uno por ciento mensual desde hoy, hasta el día treinta y uno de diciembre de mil novecientos veintinueve, obligando al efecto mis bienes, los cuales no podré enajenar sin el pago íntegro de dicha cantidad; como también a satisfacer en caso de mora, el interés del uno por ciento mensual, renunciando al derecho de domicilio y sometiéndome expresamente a la Corte Municipal de Mayagüez o a la de distrito de Mayagüez, para el cobro de esta obligación y asimismo comprometiéndome al pago de todos los gastos y honorarios de abogado a que incurra el acreedor para el cobro de la misma. A veintitrés de febrero de 1929. (Firmado) Enrique Figueroa.

"*Affidavit* No. 1460.—Suscrito ante mí por don Enrique Figueroa Belvis, mayor de edad, casado, propietario y vecino de Maricao,

a quien personalmente conozco, en San Germán, hoy día 23 de febrero de 1929. (Firmado) Miguel A. García Méndez, Notario Público. Adherido un sello de Rentas Internas de veinticinco centavos cancelado;''

que dicha sentencia es nula porque en el apercibimiento del emplazamiento, redactado así, ''que de no comparecer . . . el demandante podrá pedir y obtendrá que se le anote la rebeldía al demandado y sentencia a su favor de acuerdo con la súplica de la demanda,'' no se habían hecho constar de una manera específica las cantidades reclamadas en la súplica de la demanda y porque, anotada la rebeldía del demandado, el secretario, sin que se lo pidieran, registró sentencia en 16 de enero de 1933, condenando a Figueroa a pagar al demandante $92.32 de principal, $41.62 de intereses vencidos y los que se devengasen al 1 por ciento mensual, más $25 para honorarios de su abogado, a pesar ''de no existir la advertencia específica en el emplazamiento para poder anotarse una sentencia sin celebración del juicio''; que los demandados han solicitado de la Corte Municipal de Mayagüez la nulidad de esa sentencia, pero aún no ha recaído resolución sobre su moción.

Como materia nueva, alegaron que Enrique Figueroa siempre estuvo en posesión de la finca como dueño; que sus hijos, los demandados, no tienen otras propiedades que los condominios que les corresponden en dicha finca como herederos de su causante Enrique Figueroa por una cuarta parte de la misma; y que la viuda María Vivié es cabeza de familia, y ha tenido siempre dicha finca, que vale menos de $500, como su hogar seguro.

La corte de distrito resolvió que el secretario de la Corte Municipal de Mayagüez no tenía poder para registrar una sentencia en rebeldía contra Enrique Figueroa porque en el emplazamiento no se especificó la cantidad reclamada en la demanda y porque no tenía autoridad para tasar los honorarios de abogado y condenar al demandado al pago de $25 para ese fin. Que por esas razones estaba envuelto un con-

flicto de títulos, que no podía ser resuelto en un procedimiento de desahucio, declarando por esas razones sin lugar la demanda. El demandante apeló para ante este tribunal, señalando los siguientes tres errores:

1. Al resolver que el título del demandante es nulo.
2. Al resolver que el demandante no tiene un título limpio y libre de toda discusión.
3. Al condenar al demandante a pagar las costas.

■■■■ El si los demandados apelados pueden o no atacar colateralmente en esta acción de desahucio, el título del demandante apelante, depende, a nuestro juicio, de si ese título es nulo e inexistente o meramente anulable. Si es lo primero, pueden hacerlo; si lo segundo, no.

El demandante apelante cita el caso de *León* v. *Alvarado*, 24 D.P.R. 700, donde se resolvió que:

" . . . el hecho de que el apelante ha pedido la nulidad del juicio que produjo la venta y adjudicación de la casa no es motivo para declarar que León Lugo no tenga un título suficiente para obtener sentencia favorable en un juicio por desahucio porque mientras no se anule el juicio y la venta, es válido el título del demandante, seguirá siendo el dueño y como tal tiene derecho a que el apelante desocupe la casa en cuestión."

La citada opinión no distingue entre títulos nulos e inexistentes de un lado y anulables de otro, y da la impresión de que tanto los unos como los otros son suficientes para obtener sentencia favorable en juicios de desahucio, hasta tanto no se anulen. Debe observarse, sin embargo, que en ese caso, el demandado Alvarado no expuso los vicios de nulidad en el título del demandante, sino que, como materia nueva de defensa, adujo que había pedido la nulidad del juicio que produjo la venta y adjudicación de la casa, siendo esto último lo que se resolvió no ser motivo para declarar insuficiente el título del demandante. La cuestión exacta, envuelta en este caso, no parece haberse resuelto en él.

No obstante, en *Dávila* v. *Sotomayor*, 35 D.P.R. 794, aparentemente se distingue entre títulos nulos y anulables. En

el citado caso Angel Martínez Caballero ejecutó una hipoteca otorgada a su favor por los esposos Sotomayor–Pizarro. En la subasta le fué adjudicada la finca al demandante Lorenzo Dávila, quien entabló demanda de desahucio en precario contra los dueños originales, esposos Sotomayor–Pizarro. La parte demandada suscitó la nulidad del título del demandante, y esta corte dijo, citando el caso de *León* v. *Alvarado,* supra:

"Tampoco existe el segundo error. El demandante probó que había adquirido la finca de que se trata por compra en pública subasta. La subasta se decretó y se llevó a efecto con motivo de la ejecución de una hipoteca constituída sobre la dicha finca. Siendo ello así, no podía la demandada en el pleito de desahucio levantar la cuestión de nulidad, de acuerdo con lo decidido por esta Corte Suprema en el caso de *León* v. *Alvarado,* 24 D.P.R. 700, así:

" 'La cuestión de si el título del demandante adolece de nulidad que impida ejercitar los derechos que del mismo se dimanan, no puede resolverse en un juicio sumario y especial como es el de desahucio, en que solamente se trata el derecho que para despedir al que ocupa la finca tiene el que por el momento aparece dueño y poseedor de ella.

" 'El hecho de que el demandado en un juicio de desahucio haya pedido la nulidad del pleito que produjo la venta y adjudicación al demandante de la finca objeto del desahucio, no es motivo para declarar que el demandante no tenga título suficiente para obtener sentencia favorable, porque mientras no se anule el juicio y la venta, su título es válido, seguirá siendo el dueño, y como tal con derecho a que el demandado desocupe la finca.'

"No se trata de un título que abiertamente, sin necesidad de solicitar y obtener la nulidad en el juicio apropiado y ante la corte con jurisdicción para ello, pueda calificarse de inexistente. A lo sumo lo que reveló la prueba fué una irregularidad en la publicación de los edictos anunciando la subasta, que no afectaba al comprador de buena fe, de conformidad con la jurisprudencia establecida por esta Corte Suprema. 'La infracción a que aluden los apelantes'—dijo esta corte en el caso de *Trueba* v. *Martínez,* 33 D.P.R. 461—'del artículo 251 del Código de Enjuiciamiento Civil, en cuanto al anuncio de la subasta, es una mera irregularidad que no afecta al comprador de buena fe, y no puede considerarse en una acción colateral, como ocurre en este caso, para anular la subasta que originó

la venta y adjudicación de la finca hipotecada. *Henna* v. *Saurí y Subirá*, 22 D.P.R. 836, y *Solá* v. *Castro*, 32 D.P.R. 804.' "

Es evidente, por lo tanto, que, si en vez de revelar la prueba una irregularidad en la publicación de los edictos anunciando la subasta, se hubiese tratado de un título *inexistente*, la defensa hubiera sido buena contra la demanda de desahucio.

Recientemente, en el caso de *Sucrs. de Huertas González* v. *Rosario*, 50 D.P.R. 360, se planteó la cuestión nuevamente. Este tribunal dijo:

"La apelante impugnó el derecho de los demandados a atacar la suficiencia de la sentencia de la Corte Municipal de Bayamón dictada en favor de la apelante. Esta última sostiene que dicha sentencia no puede ser atacada colateralmente. Los apelados, más o menos fundándose en el principio de *debile fundamentum fallit opus,* dicen que si dicha sentencia fué nula por falta de la debida notificación, el título de la apelante también lo fué. Estas alegaciones en sí levantan un conflicto de título suficiente, y aun si estuviésemos equivocados respecto a la jurisdicción de la Corte Municipal de Bayamón, el pleito de desahucio no es el lugar adecuado para determinar dicho conflicto." .

De suerte que, si el demandado en una acción de desahucio en precario desea atacar colateralmente el título del demandante, es necesario que los vicios de que éste adolezca sean de tal naturaleza que lo hagan nulo e inexistente. Una mera irregularidad que lo convierta en anulable, no sería suficiente.

 La primera causa de nulidad alegada en el presente caso carece de fundamento. Dispone el artículo 89 del Código de Enjuiciamiento Civil, que:

"La citación irá dirigida al demandado, firmada por el secretario y librada bajo el sello de la corte, y deberá contener:
"1. . . . . . . . . .
"2. . . . . . . . . .
"3. . . . . . . . . .
"4. En una acción originada de un contrato para obtener dinero, o el importe de daños y perjuicios solamente, se hará constar la pre-

vención de que si no compareciere y contestare el demandado según se le ordena, el demandante obtendrá fallo por la cantidad exigida en la demanda, especificando la suma.

"5. En las demás acciones, la prevención de que si no compareciere y contestare el demandado según se le ordena, el demandante solicitará de la corte le sea concedida la petición que hubiere hecho en la demanda. El nombre del abogado del demandante se hará constar al dorso de la citación."

Las secciones primera y segunda del artículo 194 del mismo código, establecen:

"Podrá dictarse sentencia, si el demandado dejare de contestar a la demanda, en los casos siguientes:

"1. En un pleito que nazca de un contrato sobre pago de dinero o para obtener perjuicios solamente, si no se hubiere presentado la contestación al secretario de la corte, dentro del término señalado en la citación, o de su prórroga, si se hubiese concedido; el secretario, a instancia del demandante, deberá hacer constar la rebeldía del demandado, y acto seguido anotará en el récord de la corte la sentencia para el pago de la cantidad especificada en la citación, con más las costas contra el demandado, o contra uno o más de los varios demandados, en los casos previstos en el artículo 96.

"2. En otros pleitos, si no se hubiere presentado la contestación al secretario de la corte, dentro del término señalado en la citación o de su prórroga si se hubiere concedido, deberá el secretario tomar razón de la rebeldía del demandado; después de lo cual podrá el demandante solicitar en la primera o cualquiera de las subsiguientes sesiones de la corte, que se le conceda lo pedido en la demanda. Si la rendición de una cuenta o la prueba de algún hecho fuere necesario para fundamentar el fallo de la corte, o dar cumplimiento al mismo, la corte podrá admitir la cuenta, u oír la prueba, o a su discreción, disponer el informe previo de peritos, y si para determinar la cuantía de perjuicios fuere necesario el examen de una cuenta extensa, podrá disponer también un dictamen pericial, según lo anteriormente dispuesto.

"3. . . . . . . . . ."

En el pagaré objeto de la acción ante la Corte Municipal de Mayagüez, supra, Enrique Figueroa se obligó, entre otras cosas, *"al pago de todos los gastos y honorarios de abogado a que incurra el acreedor."* No se fijó, sin embargo, ninguna

cantidad líquida y específica destinada a ese fin. La cues--
tión entonces se reduce a determinar si la acción ejercitada
ante la Corte Municipal de Mayagüez se originó "de un con-
trato para obtener dinero o el importe de daños y perjuicios
solamente," dentro del significado que esas palabras tienen,
en el inciso 4 del artículo 89 del Código de Enjuiciamiento
Civil. Creemos que no, y por lo tanto no era necesario que
en el apercibimiento se especificase, como requiere dicha sec-
ción, la suma exigida en la demanda.

Aunque el lenguaje del estatuto es lo suficientemente am-
plio para cubrir una acción como la número 9317, ante la
Corte Municipal de Mayagüez, no obstante, lo que contempla
es que la cantidad reclamada sea determinada, líquida, fija,
o susceptible de serlo, mediante una operación simple de arit-
mética. Y aunque en este caso la suma principal es deter-
minada, y los intereses pueden computarse fácilmente, los
honorarios y gastos, sin embargo, no lo son. El estatuto que
comentamos requiere que la cantidad reclamada se especifi-
que en el apercibimiento, para que el secretario de la corte
sepa, a tenor de lo dispuesto en el párrafo primero del ar-
tículo 194, supra, la suma por la cual ha de anotar sentencia
contra el demandado, si éste no contestare dentro del término
legal. Si del apercibimiento no aparece la cantidad que por
concepto de honorarios deba conceder al demandante, dicho
funcionario carece de facultad para concederla, porque sus
funciones son simplemente ministeriales y no judiciales.
Véanse en apoyo de estas conclusiones, *Landwehr* v. *Gillette,*
174 Cal. 654, 163 P. 1018; y *Gustin* v. *Byam,* 41 Idaho 538,
240 P. 600.

En vista de lo anteriormente expuesto, el emplazamiento
no tenía que ceñirse a los requisitos del inciso 4 del artículo
89 del Código de Enjuiciamiento Civil, razón por la cual era
innecesario que se especificase en el apercibimiento la can-
tidad reclamada en la demanda. Los preceptos aplicables
eran el inciso quinto de dicho artículo 89, en cuanto a lo que

debía contener la citación, y el segundo del 194 en cuanto al procedimiento para el secretario anotar la rebeldía.

■■ El inciso segundo del artículo 194 no faculta al secretario de la corte para *motu proprio* anotar una sentencia en rebeldía. Anotada por el secretario la rebeldía del demandado, dice, "podrá el demandante *solicitar* en la primera o cualquiera de las subsiguientes *sesiones de la corte,* que se le conceda lo pedido en la demanda." La solicitud se hace a la corte, y es ésta y no el secretario la que debe disponer que se dicte. Pero aun asumiendo que tuviera autoridad el secretario para dictarla, carecería de base para hacerlo, por cuanto del apercibimiento no aparece cantidad fija alguna, y él no puede fijarla por ser ésa una función judicial y no ministerial. Y si en esas circunstancias el secretario dictase sentencia, la misma sería nula e inexistente.

"La sentencia anotada lo fué en exceso de la facultad del secretario bajo el estatuto, y era por consiguiente nula. *Landwehr* v. *Gillette,* 174 Cal. 654, 163 P. 1018; *Saucer* v. *Vicent,* 82 Fla. 296, 89 So. 802; 34 C. J. 179." *Gustin* v. *Byam,* supra.

Siendo nula la sentencia dictada por la Corte Municipal de Mayagüez en el caso número 9317, y por tanto nulo el título del demandante, esa nulidad era una buena defensa en el procedimiento de desahucio, a tenor de lo resuelto en *Sucrs. de Huertas González* v. *Rosario,* 50 D.P.R. 360, y *Dávila* v. *Sotomayor,* 35 D.P.R. 794, porque levanta un conflicto de título que no puede ser resuelto dentro de los estrechos límites de una acción de desahucio.

A nuestro juicio, la corte sentenciadora no cometió los dos primeros errores señalados.

El tercero se refiere a la imposición de costas al demandante. No creemos que la corte inferior abusara de su discreción al imponer al demandante el pago de las costas.

*Debe confirmarse y se confirma la sentencia apelada.*

Los Jueces Asociados Señores Wolf y Córdova Dávila no intervinieron.