JUSTINO DE LEÓN MELÉNDEZ, demandante y apelante, *v.* FELIPE PÉREZ VEGA y REGINO PERDOMO, demandados y apelados.

Núm. 7873.—*Sometido:* Diciembre 5, 1938. *Resuelto:* Enero 31, 1939.

*J. C. Rivera,* abogado del apelante; *Luis Mendín Sabat,* abogado de los apelados.

El Juez Asociado Señor De Jesús emitió la opinión del tribunal.

La demanda de desahucio en precario que en este caso presentó Justino de León Meléndez en la Corte de Distrito de Humacao sustancialmente alega que el demandante es dueño de cierta finca rústica, que los demandados la ocupan sin pagar canon o merced alguna, y que a pesar de las gestiones y requerimientos héchosles por su dueño se niegan a entregarla.

La contestación alega que el demandado Felipe Pérez Vega es dueño, está en posesión y tiene título inscrito de la finca a que se contrae la demanda y que la tiene arrendada al otro demandado, Regino Perdomo, quien en ese concepto la viene poseyendo hace más de un año.

Celebrado el juicio, la corte dictó la siguiente sentencia:

"Apareciendo de la prueba presentada por el demandante que su título provenía de una ejecución de sentencia anotada por el secretario de una corte municipal en acción establecida por una demanda enmendada, una de cuyas causas de acción, acumuladas y no expuestas separadamente, se establece en cobro de un saldo deudor que provenía de una cuenta corriente no liquidada; resultando que el secretario de dicha corte carecía de toda autoridad o poder para anotar dicha sentencia, cuando menos en lo que a dicha cuenta se refería, por lo que la misma es en consecuencia nula (*Benítez* v. *Corte,* 36 D.P.R. 450); y siendo el resto de la evidencia practicada por ambas partes suficiente para establecer, prima facie, un meritorio conflicto de títulos entre las mismas, a ser dirimido por los trámites del enjuiciamiento ordinario (*Martínez* v. *Figueroa,* 50 D.P.R. 951), se declara sin lugar la demanda en este caso, con imposición de las costas al demandante hasta una suma de $100.00, que se estima razonable para el pago de los servicios profesionales prestados a los demandados por su representación en autos."

Contra esta sentencia el demandante interpuso recurso de apelación, imputando a la corte inferior la comisión de los siguientes errores:

"1. Al concluir que el título del demandante apelante, según su prueba, es nulo, porque provenía de la ejecución de una sentencia anotada por el Secretario de una Corte Municipal en un pleito en cobro de un saldo deudor procedente de una cuenta corriente ilíquida;

"2. Al decidir que el Secretario de la Corte Municipal de Caguas carecía de poder para anotar la sentencia del caso civil número 5662, a que se refiere la sentencia apelada;

"3. Al resolver también que el resto de la evidencia practicada por ambas partes era suficiente para establecer un meritorio conflicto de títulos entre las mismas;

"4. Al imponer las costas, incluyendo honorarios de abogado, al demandante apelante."

El segundo de los errores señalados es una mera repetición del primero. La cuestión suscitada por uno y otro es si una sentencia en rebeldía dictada por un secretario en pleito en cobro de una cuenta ilíquida es o no válida, y si una escritura de venta judicial otorgada a virtud de dicha sentencia trasmite título válido al adquirente.

██ De los autos resulta que el ahora demandante instituyó un pleito en la Corte Municipal de Caguas contra la Sucesión de Nicolás Pérez Vega, en cobro de un pagaré por la cantidad de $143 y de una cuenta corriente ascendente a $87. La cuenta corriente se alegó en la demanda en los siguientes términos:

"5º. Que continuando sus operaciones de compraventa, el demandante en aquel caso vendió al causante de los demandados, después de otorgado el pagaré anteriormente relacionado, varias partidas de provisiones hasta un total de $87.00 que ni el causante ni sus herederos le pagaron tampoco en todo ni en parte al demandante. . . ."

No se alega en relación con la indicada cuenta que hubiese sido liquidada de conformidad o que el deudor hubiera aceptado como correcto expresa o implícitamente el saldo reclamado.

Que la demanda así redactada aducía hechos constituti-vos de caùsa de acción es incuestionable. *Sanabria* v. *Rosa et al.,* 32 D.P.R. 583; *Rivera* v. *Corte,* 44 D.P.R. 817. Pero el hecho de que la demanda exponga una causa de acción, ¿implica acaso que el secretario tenga facultad, de acuerdo con el artículo 194 del Código de Enjuiciamiento Civil, para dictar una sentencia en rebeldía basada en dicha demanda? Este tribunal ha sostenido la negativa, diciendo por voz del Juez Asociado Sr. Córdova Dávila, en el caso de *Rivera* v. *Corte,* 44 D.P.R. 817, 820:

"No estuvo acertada la corte inferior al negarse a expedir orden de ejecución basada en que la demanda no aduce hechos suficientes para determinar una causa de acción; pero su resolución debe ser sostenida porque la sentencia dictada por el secretario adolece del vicio de nulidad. Este funcionario, en el ejercicio de sus facultades, que son puramente ministeriales, no puede dictar la referida senten-cia, por tratarse de una cuenta ilíquida que el demandante estima en la cantidad de $614.42, fijando alzadamente el precio de las mer-cancías vendidas. La apreciación del demandante, aunque sea justa y razonable, no convierte en definida y cierta la cantidad alegada, ni puede tener el carácter de una liquidación. También esa aprecia-ción puede ser exagerada y arbitraria. Sostener que el demandado, en virtud de la rebeldía, acepta el precio que el demandante fije a los bienes, equivaldría a autorizar a éste para obtener un fallo a su favor, aunque la suma que reclame sea exagerada y arbitraria."

Como resulta de la cita que precede, la sentencia dictada por el Secretario de la Corte Municipal de Caguas no es meramente anulable. El vicio de que adolece no es una sim-ple irregularidad. Se trata de una sentencia dictada por un funcionario sin facultad para dictarla, y es a todos los efectos una sentencia dictada sin jurisdicción. [3] En su consecuencia, puede ser atacada colateralmente en este pro-cedimiento de desahucio, conforme se resolvió en el caso de *Martínez* v. *Figueroa,* 50 D.P.R. 951, 954. [4, 5] Siendo nula la sentencia, el título que de ella derivó el demandante es también inexistente y si el demandante carece de título sobre la finca objeto de la acción de desahucio, carece de persona-

lidad para establecer dicha acción como dueño de la misma, a tenor de lo dispuesto en el artículo 620 del Código de Enjuiciamiento Civil que dice así:

"Tienen acción para promover el juicio de desahucio *los dueños de la finca,* los usufructuarios, y cualquier otro que tenga derecho a disfrutarla, y sus causahabientes."

En este caso el demandante estableció el pleito de desahucio en su carácter de dueño, no como usufructuario o en cualquier otro concepto. Por consiguiente, más que un conflicto hay ausencia absoluta de título por parte del demandante, y como es a él a quien incumbe probar sus alegaciones, no pudiendo en ningún caso descansar en la debilidad o falta de título del demandado para sostener su acción, su pleito de desahucio no puede prosperar. Siendo ello así, es innecesario considerar el tercero de los errores señalados por el apelante, pues lo dicho en relación con los dos primeros errores demuestra terminantemente que estuvo acertado el juez de la corte inferior al desestimar la demanda de desahucio. Véanse *Sucesores de Huertas González* v. *Rosario,* 50 D.P.R. 360, *Martínez* v. *Figueroa,* supra, y *Rivera* v. *Corte,* supra.

Réstanos considerar ahora el cuarto y último de los errores imputados a la corte inferior, o sea el que se refiere al pronunciamiento de costas. El artículo 327 del Código de Enjuiciamiento Civil, según fué enmendado por la Ley número 94 de 11 de mayo de 1937 (Leyes de ese año, pág. 239), dispone que a la parte a cuyo favor se dicte cualquier sentencia le serán concedidas las costas, y que en caso de que cualquier litigante haya procedido con temeridad, la corte debe imponerle en su sentencia el pago de los honorarios del abogado de la otra parte, estableciendo en su sentencia el montante de los mismos y teniendo en cuenta el grado de culpabilidad en el litigio y el trabajo necesariamente prestado por el abogado de la otra parte. En cuanto a la imposición de costas, ya hemos visto por las disposicio-

nes del artículo 327 que acabamos de mencionar que es imperativo en el juez sentenciador imponerlas a la parte perdidosa, sin que pueda ejercitar discreción alguna en contrario. No sucede lo mismo con respecto a la condena de honorarios de abogado, la cual descansa en la sana discreción del tribunal sentenciador, habida cuenta del grado de culpa o temeridad en la parte perdidosa, así como del valor de los servicios necesariamente prestados por el abogado de la parte contraria.

Por lo que resulta de los autos no podemos alterar la conclusión a que llegó la corte inferior al imponer la condena de honorarios de abogado al demandante, pues como hemos visto, la cuestión envuelta no era nueva en esta jurisdicción al iniciarse este litigio, y si el demandante hubiese examinado los casos de *Sanabria* v. *Rosa, et al., Huertas González* v. *Rosario,* y *Martínez* v. *Figueroa,* supra, inmediatamente hubiera descubierto que no tenía causa de acción en el pleito de desahucio.

*Procede, por lo tanto, desestimar el recurso y confirmar la sentencia apelada en todas sus partes.*

El Juez Presidente Sr. Del Toro no intervino.