Juan Román Reyes, peticionario y apelante, *v.* La Corte Municipal de Arecibo, Hon. Fermín V. Cachola, Juez, demandada.

Núm. 8317.—*Sometido:* Noviembre 4, 1941.   *Resuelto:* Noviembre 14, 1941.

*Luis Mercader,* abogado del apelante; *Esteban Susoni Lens,* abogado de los demandados en el pleito principal.

EL JUEZ ASOCIADO SEÑOR DE JESÚS emitió la opinión del tribunal.

Anita Natal y Francisco Medina mancomunada y solidariamente suscribieron un pagaré a la orden de Juan Román Reyes por la cantidad de $100 de principal, más intereses a razón del 9 por ciento anual, obligándose también expresamente al pago de las costas, gastos y honorarios de abogado en caso de reclamación judicial.

Vencida la obligación el primero de enero de 1940 y no satisfecha, su tenedor, el 25 del mismo mes, radicó demanda para su cobro en la Corte Municipal de Arecibo. Alegó entre otras cosas que contrató los servicios del abogado Sr. Mercader para dicho pleito en la cantidad de $62, y terminó solicitando sentencia por $162, con los intereses correspondientes.

Anotada la rebeldía de los demandados, el Secretario con fecha 24 de febrero de 1940, registró una sentencia en rebeldía cuya parte dispositiva dice así:

"Por tanto, se dicta la misma condenando solidariamente a los demandados a pagar al demandante la suma de $162, e intereses al 9 por ciento anual hasta su total pago."

En ejecución de dicha sentencia, el Márshal de la Corte Municipal de Manatí embargó cierta finca de los demandados radicada en aquel municipio y fijó día para su venta en pública subasta, la que fué dejada sin efecto al interponerse por los demandados una reclamación de *homestead* que luego fué denegada por la Corte Municipal de Arecibo, señalándose nuevamente la subasta. Radicaron entonces los demandados otra moción en la misma corte, solicitando que se declarase nula e inexistente la sentencia en rebeldía, por carecer el secretario de jurisdicción para fijar honorarios de abogado

cuando dicha obligación, como en el presente caso, no está representada por una suma líquida, citando en apoyo de su proposición el caso de *Martínez* v. *Figueroa,* 50 D.P.R. 951. En la misma moción solicitaron los demandados la suspensión de la nueva subasta hasta tanto se resolviese en definitiva sobre la nulidad e inexistencia de la ameritada sentencia.

Sin oír al demandante y sin exigir fianza a los demandados para responder de los daños que pudieran irrogarse al primero, se decretó la suspensión en los términos solicitados pos los demandados, señalándose día para oír a las partes sobre la cuestión de la nulidad e inexistencia.

A fin de revisar dichos procedimientos seguidos en la Corte Municipal de Arecibo, recurrió el demandante Juan Román Reyes a la corte de aquel distrito, interesando un auto de *certiorari* que fué expedido, recayendo una sentencia el 19 de diciembre de 1940, cuya parte dispositiva dice así:

"Se ordena a la Corte Municipal de Arecibo, Hon. Fermín V. Cachola, Juez, que proceda a terminar los procedimientos en el caso civil número 535, ordenando que prosiga la ejecución con una nueva subasta para vender la finca de los demandados por una suma en ejecución de $100 y los intereses al 9 por ciento anual hasta su total pago, que fué el capital e intereses convenidos y objeto de la sentencia, y que del producto de dicho remate se pague únicamente al demandante la suma de $100 y los intereses al 9 por ciento anual, sin incluir la cantidad de $62 de honorarios y gastos, porque el Secretario no podía ministerialmente dictar sentencia por esa suma, no habiendo en el pagaré ninguna cantidad específica para el pago de costas y honorarios, ni existiendo memorándum presentado por la parte demandante dentro del término de ley."

Fué contra la referida sentencia que interpuso Juan Román Reyes este recurso de apelación. Fundamentándolo imputó a la corte inferior dos errores, a saber:

(1) Al declarar con lugar el auto de certiorari y extralimitarse en sus facultades al corregir el fallo de la corte municipal que no había sido apelado; y

■ Al no declarar que la solicitud de hogar seguro hecha por los demandados y la resolución del Juez Municipal dene-gándola, convalidaron la sentencia en rebeldía.

■■ Es verdad que dicha sentencia era firme por no haberse interpuesto hasta entonces recurso alguno contra ella; pero no es menos cierto que la validez y existencia de dicho fallo se hallaban en controversia a virtud de la moción de los demandados que motivó la suspensión de la segunda subasta. Si la sentencia era inexistente como sostenían los demandados, claro es que podía ser atacada en cualquier tiempo bien directa o ya colateralmente, y siendo ello así, de ser inexistente tal sentencia procedería impedir su ejecución. Por consiguiente actuó con arreglo a derecho la corte de distrito al entrar a considerar si dicha sentencia era o no inexistente.

■ No habiéndose estipulado en el pagaré una cantidad líquida para honorarios de abogado, carecía de jurisdicción el secretario de la corte municipal para incluir en la sentencia en rebeldía una cantidad determinada y líquida por concepto de tales honorarios. *Martínez* v. *Figueroa,* supra; *Rivera* v. *Corte,* 44 D.P.R. 817; *De León* v. *Pérez,* 54 D.P.R. 215. Véase también *Zaragoza* v. *Santiago,* 51 D.P.R. 532.

■ La circunstancia de haber reclamado el demandante la cantidad de $62 por el concepto indicado, no convirtió en una suma líquida la obligación de pagar honorarios de abogado, pues no podía el demandante por su sola cuenta verificar tal liquidación, y no siendo líquida la obligación, era a la corte exclusivamente a quien incumbía fijar su cuantía.

■■ Ahora bien, el hecho de que el secretario carezca de jurisdicción para incluir en la sentencia la partida de honorarios no afecta sus demás pronunciamientos, siendo válido el fallo por el principal de la obligación, $100, con sus intereses, por ser aquella una cantidad líquida, y de fácil determinación los intereses mediante una simple operación aritmética. *De la Torre* v. *National City Bank of New York,* 91 F. (2d) 399, 404. Pero el demandante tenía derecho a una

cantidad razonable por concepto de honorarios de abogado por haberse obligado los demandados a pagarlos. Por consiguiente, erró la corte de distrito al privar al demandante de ese derecho cuando ordenó a la corte municipal que expidiese una nueva orden de ejecución eliminando totalmente la partida de honorarios y limitando la sentencia al principal del pagaré y sus intereses. Lo procedente era, conforme se resolvió en el caso federal últimamente citado, devolver los autos a la corte municipal para que dejase sin efecto el pronunciamiento de honorarios de abogado hecho por el secretario y para que los fijase entonces la corte municipal previa audiencia de las partes.

■ Como el defecto de la sentencia en rebeldía era de carácter jurisdiccional, el hecho de que los demandados no hubiesen apelado de la sentencia y hubiesen reclamado el derecho de homestead no podía suplir la falta de jurisdicción que sólo puede conferirla la ley y nunca los litigantes.

■ Tampoco convalidó la sentencia en rebeldía en cuanto a dicha partida respecta, la resolución de la corte municipal que denegó el alegado derecho de homestead, pues si bien en el último párrafo de dicha resolución el juez municipal declaró: "esta corte deja en pie y con todos sus efectos legales la sentencia dictada, . . . decretando que no existe hogar seguro en la finca embargada por el demandante," tal declaración se refería exclusivamente al efecto que sobre dicha sentencia hubiese podido tener la reclamación de homestead, pero no estaba entonces en controversia ni se refería el Juez en aquellos momentos a la cuestión de falta de jurisdicción por parte del secretario para fijar honorarios de abogado. Aunque hubiera sido su intención convalidarla, la convalidación no hubiera sido efectiva, pues lo inexistente no es susceptible de ratificación. Sólo podía hacerse por la corte un nuevo pronunciamiento sobre el particular luego de oír a las partes.

*Procede, por lo expuesto, revocar la sentencia de la Corte de Distrito de Arecibo de 19 de diciembre de 1940 y en su*

*lugar ordenar que se devuelvan los autos a la Corte Municipal de Arecibo, por conducto de la corte de dicho distrito, para ulteriores procedimientos no inconsistentes con esta opinión.*