SUCESORES DE HUERTAS GONZÁLEZ, demandante y apelante, *v.* CRISPILIANO ROSARIO y su esposa PETRONA RAMOS PAGÁN, FLOR Y NICOMEDES RAMOS, demandados y apelados.

Núm. 7118.—*Sometido:* Enero 21, 1936. *Resuelto:* Julio 14, 1936.

*José C. Jusino,* abogado de la apelante; *José Ruiz de Val,* abogado de los apelados.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

Para justificar su acción de desahucio la demandante alegó

su dominio, describió la finca y adujo que los demandados estaban detentando la posesión y disfrutando precariamente dicha propiedad.

Además de una excepción previa, los demandados alegaban tener el dominio de la propiedad en controversia por haberla heredado directamente de su padre. Dando color a la reclamación de la demandante, los demandados alegaron que el supuesto título de la demandante dependía de una presunta venta en ejecución de sentencia obtenida en cierto procedimiento, en que se habían publicado edictos para notificar a los demandados. La contestación también alegaba en efecto que a pesar de que los demandados estaban en la posesión material de la propiedad al principio del procedimiento arriba mencionado, la demandante publicó edictos contra los herederos desconocidos del deudor fallecido.

Incidentalmente, la supuesta venta fué realizada por el márshal de la Corte Municipal de Río Piedras y los demandados sostenían que él no tenía jurisdicción para ello. Esto dependería hasta cierto punto de si el procedimiento ero uno en ejecución de hipoteca o una acción personal, cosa que pasaremos después a considerar.

La Corte de Distrito de Bayamón, donde este pleito de desahucio fué iniciado, resolvió que como 'la demandante admitió que los demandados estaban en posesión bajo título, estos últimos no estaban detentando la posesión precariamente.

▮▮ Examinando el récord, se hace evidente que la acción instada en la Corte Municipal de Bayamón no fué una en ejecución de hipoteca, a pesar de mencionarse una hipoteca. Una corte municipal no tiene jurisdicción para ejecutar una hipoteca. Fué una acción en cobro de dinero cuya demanda aducía que el mismo estaba garantizado con una hipoteca. La Corte Municipal de Bayamón, por lo tanto, nunca adquirió jurisdicción sobre las personas de los demandados. Es indudable que el alegado título de la demandante en este caso

surgió por razón de la venta que siguió al embargo para asegurar la efectividad de la sentencia.

La apelante insiste en que la Corte Municipal de Bayamón tuvo jurisdicción para emitir su sentencia por razón del embargo contemporáneo de propiedad inmueble efectuado por la apelante. La sentencia en realidad no excedió aparentemente del valor de la propiedad. En otras palabras, la apelante procedía *in rem* para obtener una sentencia contra los apelados. Dudamos algo que la apelante siguiera el procedimiento trazado para cuando uno intenta obtener una sentencia *in rem,* y esta duda es fortalecida por el hecho de que el embargo fué nominalmente uno para asegurar la efectividad de una sentencia. ▇ Se acepta, sin embargo, que la propiedad embargada estaba situada, no en el distrito judicial de Bayamón, sino en el de San Juan, y por consiguiente no pudo haber un procedimiento *in rem* contra dicha propiedad dentro del distrito judicial de Bayamón.

▇ La apelante impugnó el derecho de los demandados a atacar la suficiencia de la sentencia de la Corte Municipal de Bayamón dictada en favor de la apelante. Esta última sostiene que dicha sentencia no puede ser atacada colateralmente. Los apelados, más o menos fundándose en el principio de *debile fundamentum fallit opus,* dicen que si dicha sentencia fué nula por falta de la debida notificación, el título de la apelante también lo fué. Estas alegaciones en sí levantan un conflicto de título suficiente, y aún si estuviésemos equivocados respecto a la jurisdicción de la Corte Municipal de Bayamón, el pleito de desahucio no es el lugar adecuado para determinar dicho conflicto.

Es innecesario considerar la reclamación de hogar seguro.

*La sentencia debe ser confirmada.*

Los Jueces Asociados Señores Córdova Dávila y Travieso no intervinieron.