JUSTO MÉNDEZ CABRERA, demandante y apelante, *v.* DOLORES ESTRADA VDA. DE QUEVEDO, demandada y apelada.

Núm. 7900.—*Sometido:* Enero 19, 1939. *Resuelto:* Febrero 2, 1939.

*José Veray, Jr.,* abogado del apelante; *García Méndez & García Méndez,* abogados de la apelada.

EL JUEZ ASOCIADO SEÑOR TRAVIESO emitió la opinión del tribunal.

El demandante en esta acción de desahucio alegó ser dueño de una casa enclavada en un solar del Municipio de Isabela, la que adquirió por un documento privado que le fué otorgado por doña Teresa Géigel Vda. de Quevedo y sus hijos, el día 13 de abril de 1938; y que la demandada ocupa dicha casa sin pagar canon o merced alguna y se ha negado a desalojarla, no obstante haber sido requerida para ello por el demandante.

En oposición a la demanda negó la demandada que el demandante sea dueño de la finca objeto del desahucio y alegó que el documento de venta que ostenta el demandante "no tiene valor ni efecto legal alguno, pues dichos supuestos vendedores jamás han sido dueños de dicha casa en cuestión." Y como materia nueva de defensa la demandada alegó que la casa objeto del litigio es de la exclusiva propiedad de ella y de sus hijos, habiéndola adquirido en vida de su esposo, por compra a José Estrada hace 31 años, y que desde esa fecha la han venido ocupando en concepto de dueños, quieta, pública y pacíficamente; que ni doña Teresa Géigel Vda. de Quevedo, ni sus hijos, ni el causante de la sucesión, don Eduardo Quevedo, tuvieron jamás título o interés alguno sobre dicha casa; que debido a la confianza que su difunto esposo tenía en su hermano don Eduardo Quevedo, entregó a éste para que se lo guardase el título o documento de adquisición de la casa, el cual conserva doña Teresa Géigel Vda. de Quevedo, negándose a devolverlo a su dueña la demandada; y que ni su difunto esposo, ni ella, ni sus hijos, han cedido jamás sus derechos sobre la finca en litigio.

Visto el caso ante la Corte de Distrito de Aguadilla, ésta dictó sentencia declarando sin lugar la demanda por los siguientes fundamentos:

"De la prueba testifical aparecen corroborados los extremos que sostienen la prueba documental tendiente a demostrar además que Juan Quevedo, hermano de Eduardo H. Quevedo, siempre estuvo en

malas condiciones económicas, por lo que sus hermanos Eduardo y Francisco tuvieron que ayudarlo siempre protegiéndolo constantemente y que el causante Eduardo H. Quevedo compró allá por los años 1909–10 a José Estrada Valle la casa objeto del desahucio para que su hermano Juan Quevedo la viviera con su familia y que por eso es que la demandada y su familia la han vivido siempre sin pagar canon de arrendamiento alguno.

"La prueba de la demandada consistió en su propia declaración y en la de los testigos Pascual Faura, José Serra y Antonio Bonilla, resultando de la misma que la demandada ha vivido la casa objeto de desahucio como de 28 a 29 años y que ha hecho reparaciones en la misma.

"La demandada sostuvo en su declaración que adquirieron la casa en cuestión por compra en el 1907 a José Estrada del Valle, mediante documento privado que su esposo dió a guardar a Eduardo Quevedo, su hermano, debido a que su esposo era un hombre jugador, mientras que su cuñado, Eduardo H. Quevedo, era un hombre formal y serio y que el hecho de no haber pagado contribuciones se debió a que la demandada creyó que la propiedad estaba exenta del pago de las mismas, lo que fundaba en el hecho de haber pagado por ella solamente Cien Dólares ($100.00).

"Como se ve, pues, la prueba de la demandada y de la sucesión de que trae su derecho el demandante ha tendido a demostrar que ambos son dueños del inmueble objeto del desahucio por una serie de actos unipersonales voluntarios y meramente facultativos.

"La Corte con vista de la evidencia producida podría hacer otras consideraciones alrededor de la misma, pero cree que ello sería superfluo, toda vez que aflorando la existencia de un conflicto de títulos, bien débiles por cierto, es obvio que la acción sumaria y especial del desahucio aquí seguida no es la adecuada sino el declarativo correspondiente, en el cual pueda discutirse ampliamente el mejor derecho al inmueble en cuestión.

"Ni la sucesión vendedora ni la aquí demandada han producido el documento por el cual adquirieron, a pesar de manifestar los testigos que ambas compraron por uno extrajudicial o privado, y ni siquiera trajeron como testigo a la persona de que dicen haber adquirido."

Después de un estudio detenido de la transcripción de evidencia convenimos con la corte inferior en que de ella surge un verdadero conflicto de títulos que debe ser resuelto en un juicio declarativo y no dentro de un procedimiento sumario

y especial como lo es el de desahucio. Véanse: *Sucesores de Huertas González* v. *Rosario,* 50 D.P.R. 360, 362; *Porto Rican Leaf Tobacco Co.* v. *Colón,* 50 D.P.R. 303; *Colón* v. *Colón,* 51 D.P.R. 97.

*Debe confirmarse la sentencia recurrida.*