CRUZ FONTÁNEZ LORENZANO, sustituída por SALVADOR VIETA y éste a su vez por su albacea y herederos testamentarios, demandantes y apelantes, *v.* RAIMUNDO, ALEJANDRINA y ALIPIO SIERRA, y SUSANA APONTE e IGNACIO RIVERA, demandados y apelados.

Núm. 8053.—*Sometido:* Enero 19, 1940. *Resuelto:* Enero 25, 1940.

*Francisco González Fagundo*, abogado de los apelantes Sres. Vieta; *Angel R. Villamil y C. Becerra Santana*, abogados de los apelados.

EL JUEZ ASOCIADO SEÑOR DE JESÚS emitió la opinión del tribunal.

Se trata en este caso de una acción de desahucio en precario. Alega la demandante que es dueña de cierta finca rústica que describe, radicada en Caguas, que los demandados la ocupan contra su voluntad sin pagar canon o merced al-

guna, y termina la demanda con súplica de que se decrete el desahucio, con imposición de costas a los demandados.

En su contestación niegan los demandados el alegado título de la demandante y exponen en contrario que los demandados de apellido Sierra son los dueños de la finca en controversia, motivo por el cual no pagan ni han pagado canon o merced alguna a la demandante ni a ninguna otra persona. Como ''Materia Nueva de Defensa'' alegan:

''1. Que allá para el mes de junio del año 1921 Salvador Vieta, redactó y escribió de su propio puño y letra un pagaré a su favor, por la cantidad de $634.51 que vencía el 30 de junio de 1922 para que el demandado Raimundo Sierra se lo firmara, como se le firmó, pero no ante notario;

''2. Que en el mes de noviembre de 1921 falleció la esposa del demandado Raimundo Sierra, doña Venancia Arroyo, quedando a su muerte herederos legítimos;

''3. Que Salvador Vieta, poco tiempo después, le informó al demandado Raimundo Sierra que sería conveniente que él se dejara demandar y embargar la finca que se describe en la demanda, por el mismo Sr. Vieta, con el fin de evitarle gastos de declaratoria de herederos, avalúo, división y adjudicación de participaciones hereditarias, todo lo cual le costaría de quinientos a seiscientos dólares;

''4. Que Raimundo Sierra le explicó esta situación a sus hijos, los herederos, y todos convinieron en que se hiciera lo que el Sr. Vieta aconsejaba, pues que él era hombre bueno en la familia.

''5. Que de acuerdo con lo antes expresado, en julio 28 de 1922, Salvador Vieta radicó demanda en cobro de dinero contra Raimundo Sierra y otros, en esta Honorable Corte de Distrito, dejándose los demandados anotar sentencia en rebeldía así como que se adjudicara la finca en pública subasta al Sr. Vieta, por estar de acuerdo con él;

''6. Que la mencionada finca de veinte cuerdas de terreno le costó a Raimundo Sierra alrededor de cuatro mil dólares, y se la dejó rematar del Sr. Vieta por la cantidad de trescientos dólares, pero continuando Sierra con toda su familia, que son los demás demandados, viviendo, poseyendo y gozando la finca, libremente, sin la oposición de Vieta, ni de nadie, ni pagándole cánones a nadie, ni inquietados por nadie;

''7. Que Raimundo Sierra ha pagado con creces a Salvador Vieta la obligación que él le suscribió por la cantidad de $634.51, y actualmente no le debe nada al Sr. Vieta;

"8. Que además de que la demanda en cobro de dinero fué un convenio simulado entre Vieta y Sierra, aun suponiendo que no lo hubiera sido, el embargo, ejecución y venta en pública subasta de las mencionadas veinte cuerdas, fué nulo, de acuerdo con la ley vigente en Puerto Rico;

"9. Que Salvador Vieta, mientras le prestaba dinero a Raimundo Sierra, lo refaccionaba y lo ayudaba a obtener refacción para sembrar en su finca distintos cultivos, sedujo a Alejandrina Sierra, una de las demandadas e hija de Raimundo Sierra, teniendo en ella un hijo que hoy tiene ocho años de edad, continuando Raimundo, Alejandrina y su hijo viviendo en la finca de aquél, protegidos, con cierta ayuda, por el Sr. Vieta, y reconociendo Vieta en toda oportunidad que la descrita finca de veinte cuerdas de terreno en donde vivía su concubina, el padre de ésta y su propio hijo, Tito René Vieta y Sierra, era de la única y exclusiva propiedad de Raimundo Sierra;

"10. Que hace tres o cuatro meses Salvador Vieta, por encono contra la demandada Alejandrina Sierra, su concubina hasta entonces, a espalda y sin el conocimiento de Raimundo Sierra, simuló una venta de la mencionada finca de veinte cuerdas a favor de Cruz Fontánez Lorenzano, que actualmente es concubina de Salvador Vieta, demandante en este caso de desahucio;

"11. Que dicha escritura de venta del Vieta a la Fontánez fué otorgada el mismo día en que se le notificaba a aquél una demanda sobre alimentos para su hijo Tito René, a quien tenía y tiene abandonado, y todo como resultado de una conspiración entre Cruz Fontánez Lorenzano, demandante, y Salvador Vieta, contra la demandada Alejandrina Sierra y su hijo menor de edad Tito René Vieta y Sierra."

Algún tiempo después y previo permiso de la corte (T. de E. 158), los demandados enmendaron su contestación, alegando que sobre la mencionada finca los demandados Raimundo, Alejandrina y Alipio Sierra tenían constituído su hogar seguro (*homestead*). (T. de A. pág. 19.)

Después de una extensa prueba de una y otra parte, la corte inferior, sin emitir opinión expresiva de sus conclusiones de hecho y de derecho, desestimó la demanda a virtud de una sentencia que literalmente copiada dice así:

"Examinada minuciosamente toda la evidencia documental y detalladamente considerada la testifical presentada por ambas partes, apareciendo de la misma el planteamiento fundamental de una cues-

tión de título sobre la finca objeto de la acción, y por no ser éste el procedimiento adecuado para ventilarla, se declara sin lugar la demanda en este caso, imponiéndose al demandante el pago de las costas judiciales, gastos y desembolsos en que hayan tenido que incurrir los demandados para defenderse en este caso, incluyendo una suma de $100.00 que se estima razonable para los honorarios de su abogado.''

Los cuatro errores señalados por la demandante como base de este recurso serán considerados conjuntamente en el curso de esta opinión. La demandante deriva su título de Salvador Vieta y los demandados impugnan tanto el título de la demandante como el de su causante Vieta.

Según resulta de la prueba de la demandante, Vieta adquirió la finca por adjudicación que se le hiciera en ejecución de la sentencia que obtuvo contra los anteriores dueños de la finca Raimundo Sierra y sus hijos, y después de algún tiempo Vieta la vendió a la demandante por el precio de $1,355.

Según la prueba de los demandados, Raimundo Sierra, que no sabe leer, por consejo de Vieta firmó un pagaré por $634.51 a la orden de Vieta y más tarde, siguiendo también los consejos de éste, se dejó dictar sentencia en rebeldía en el pleito que en la Corte de Distrito de Humacao siguió Vieta contra Sierra en cobro del aludido pagaré. La sentencia fué firme y el 22 de noviembre de 1922 y por escritura de venta judicial núm. 114 otorgada ante el notario Rafael López Antongiorgi, se adjudicó la finca al demandante Vieta. No obstante la sentencia por éste obtenida y la escritura de venta judicial a su favor, continuaron Sierra y su familia ocupando la finca en las mismas condiciones en que la tenían antes del pleito. Así las cosas, Vieta tuvo relaciones ilícitas con Alejandrina Sierra, hija de Raimundo, y como fruto de esas relaciones nació el niño Tito René Sierra, quien en la fecha del juicio de este caso contaba siete años de edad. Después de algún tiempo se rompieron las relaciones entre Vieta y Alejandrina, viviendo aquél maritalmente con la ahora de-

mandante, de quien tuvo un hijo natural. La demandante, que al venir a vivir con Vieta sólo tenía un capital según ella, de $200 ó $600, a pesar de que sostenía a su madre y a un hermano, constante y rápidamente ve crecer su capital, hasta que el día del juicio de desahucio era dueña, según ella, de varias casas y tenía una renta mensual de $80 a $90 que. le permitía prestarle cantidades de dinero a Vieta después de haber cesado sus relaciones con éste, quien seguía viviendo solo en los bajos de la misma casa en que vivía la demandante con su madre.

Así las cosas, Alejandrina, a quien Vieta dejó de pasar alimentos para su hijo, los solicitó por la vía judicial, y precisamente el mismo día que le notificaban la demanda de alimentos, Vieta otorgó a favor de la aquí demandante escritura de venta de la finca donde vivían Alejandrina con su hijo, su padre y su hermano, otorgándose dicha escritura con fecha 8 de septiembre de 1937 ante el notario Antonio L. López.

Quince años pasaron desde que se otorgó a favor de Vieta la escritura de venta judicial el 22 de noviembre de 1922 hasta el 8 de septiembre en que Vieta traspasó su título a la demandante, y durante todo ese tiempo y hasta la fecha, los demandados han venido ocupando la finca tranquila y pacíficamente hasta que se radicó la demanda de este caso el 5 de octubre de 1937.

Declaró el demandado Raimundo Sierra que él arrendó una parte de la finca a Vieta para sembrar cañas y como condición de dicho contrato Vieta pagaba las contribuciones impuestas al inmueble.

Algún tiempo después de sometido el caso pero antes de que se dictara sentencia, los demandados tuvieron conocimiento de que la demandante había devuelto el título de la finca a Vieta, y previa notificación y audiencia de las partes, presentaron los demandados en evidencia la escritura de rescisión, número 129, otorgada el 20 de diciembre de 1938 por

la demandante Cruz Fontánez a favor de Salvador Vieta ante el notario Francisco González Fagundo.

En el caso de *Colón* v. *Colón,* 51 D.P.R. 97, 103, citado por la apelante, se dijo por este tribunal:

"La teoría de todos esos casos es que el demandante en un pleito de desahucio que presenta un título válido hasta que el mismo se invalida, tiene derecho a la inmediata posesión en tanto en cuanto se determina judicialmente en cualquier otro recurso, la cuestión relativa a la validez de su título. La doctrina de tales casos es inaplicable, cuando la parte demandada, en un pleito de desahucio, se encuentra en posesión a título de dueña, alega hechos suficientes para demostrar la nulidad absoluta del título del demandante y aduce suficiente prueba para indicar que su defensa no es un pretexto. Véanse *Sucrs. de Huertas González* v. *Rosario,* 50 D.P.R. 360, y *Martínez* v. *Figueroa,* 50 D.P.R. 951."

En el presente caso la posesión de los demandados Sierra ininterrumpida y pacíficamente por más de quince años, es decir, desde el otorgamiento de la escritura de venta judicial hasta que se estableció la demanda de este caso, indica que la defensa alegada por los demandados no es un pretexto para entorpecer la acción de la demandante. Es verdad que Vieta tiene un título de venta judicial, pero la prueba de los demandados tiende a demostrar que el pagaré fué suscrito sin causa y por consejo de Vieta y que la sentencia en rebeldía era el resultado de un entendido entre el entonces demandante y los demandados, lo que unido a la posesión en que permanecieron por espacio de quince años después de la venta judicial, demuestra que las pretensiones de los demandados no están tan carentes de fundamento que no puedan constituir un conflicto de título que deba resolverse en un juicio ordinario. Véase *a contrario sensu* el caso de *J. González & Co., S. en C.,* v. *Aponte, y Falcón, interventor,* (ante, pág. 826). No se diga que el permanecer los demandados en posesión después de la venta judicial se debió al nacimiento del niño Tito René Vieta, pues a la fecha del juicio en el año 1938, dicho niño sólo contaba la edad de siete años, de modo que durante los ocho años anteriores al nacimiento del

niño no pudo éste influir para que Vieta permitiese a los demandados continuar ocupando la finca por él adquirida en la venta judicial.

No erró, a nuestro juicio, la corte *a quo* al admitir en evidencia los autos del pleito civil número 8499 de dicha corte, como consecuencia del cual se otorgó la escritura de venta judicial de la finca a favor de Vieta, pues tal prueba era relevante a la defensa interpuesta por los demandados; pero asumiendo sin aceptarlo que no lo fuera, el error, al admitirlos, de haberse cometido, no perjudicó a la demandante.

Hemos leído cuidadosamente la transcripción de evidencia en su totalidad y no encontramos motivos para concluir que el juez actuó movido por pasión, prejuicio o parcialidad. Dos veces tuvo que llamar la atención de Vieta a la forma despectiva que usaba al referirse a Alejandrina y a Raimundo Sierra, pero al así actuar el juez no hizo otra cosa que cumplir con el deber de brindar protección a las personas que ya como partes o como testigos comparecen en corte.

Dictada sentencia a favor de los demandados, por ministerio de la ley venía la corte obligada a imponer las costas a la demandante, no encontrando nosotros que abusara de su discreción al concederle honorarios de abogado en la cantidad de $100, dado lo laborioso del pleito.

*Por lo expuesto, procede desestimar el recurso y confirmar la sentencia apelada.*